## MARIA YOUNG *vs.* HENRY W. MILLER.

The indorsee of one of two notes secured by a mortgage which is not assigned to him cannot maintain a writ of entry in his own name to foreclose the mortgage.

SHAW, C. J. The plaintiff is indorsee of one of two negotiable notes, one for $300, the other for $750, secured by a mortgage. The payee indorsed the $300 note to the plaintiff, but did not assign the mortgage or any part of it, but retained it and the other note secured by it, and afterwards transferred them, and the assignee discharged the mortgage.

The plaintiff now brings this writ of entry to foreclose the mortgage, and claims that she had an interest in the mortgaged

premises *pro tanto*, and that the mortgage could not be discharged in full, to her injury ; and that, although the present defendant came in by an apparently good title, yet that the estate was subject to her lien.

A proposition of this sort, not only that the holder by indorsement of a negotiable note, originally secured by mortgage, has some equitable interest in the mortgage under some circumstances, but that she may maintain a real action in her own name to recover the land, is so contrary to settled notions here, that it seems quite startling. It seems to be repugnant to what have long been regarded in this state as first principles.

The true character of a mortgage is the pledge of real estate to secure the payment of money, or the performance of some other obligation. Its object, from its creation to its redemption or foreclosure, is that of a pledge for such debt or duty. It may, in many aspects, be called a real lien, a chattel interest, a chose in action, and *quasi* personal. But as it binds land, and may lay the foundation of a title to real estate, it assumes, in many respects, the character of a land title. It is so in its origin, by deed ; in the mode of giving it notoriety, by registration ; in its transfer, by deed of assignment; its discharge, by deed of release ; and in the mortgagee's remedy, by writ of entry against the mortgagor or other person in possession under him.

It may be admitted that there are equitable and incidental interests, which are recognized and enforced in a court of equity only. Whatever may be the tendency to confound legal and equitable rights, there is great convenience, if not safety, in keeping up this distinction.

But whatever may be the equitable interest of a party situated like the present plaintiff, it seems to us that she can stand in no higher relation than that of a *cestui que trust*, having an equitable interest in real estate, the legal title to which is in another ; such interest being manifested by an actual or resulting trust. In this case, it is difficult to perceive, without further evidence, that she can establish any such trust. The original payee held two negotiable notes, both secured by one and the same mortgage. The notes constituted personal contracts of the maker,

independent of the mortgage, both or either of which might be enforced as such, without reference to the mortgage. It was therefore competent for such payee and mortgagee, if such was his real intention, to indorse one of the notes and give his indorsee all the legal title thereto, as a personal contract, and retain to his own use the entire mortgage interest, or pledge of the realty, as security for his other note.

When a party holds a mortgage to secure the payment of a single negotiable note only, and no formal assignment is made of the mortgage, and nothing to indicate an intention of the parties that it is not to be assigned ; as the mortgagee and indorser of the note, after such indorsement, would hold only a barren fee, without beneficial interest, and as the mortgage accompanying the note would be highly beneficial to the indorsee for the security of his note, the law may well imply the intention of the parties that the mortgage is thenceforth to be held by the mortgagee in trust for the indorsee. In other words, such a transaction might manifest a resulting trust. But when such mortgage is given for two such negotiable notes, and the holder indorses one, without the expression of any intent, either to retain the mortgage to his own use as security for his remaining note, to the security of which alone perhaps it is adequate, or to hold it in trust for himself and his indorsee, and when therefore the mortgagee has a beneficial interest in the mortgage, and there is nothing express in favor of the indorsee, it may perhaps be doubted whether any resulting trust would be implied.

But supposing that such a trust would be implied, then the question is, whether such *cestui que trust* can maintain a real action. The opinion of the court is that he cannot. And we think that no case cited in the learned argument of the plaintiff's counsel, rightly understood, leads to any different result.

The case cited of *Martin* v. *Mowlin,* 2 Bur. 978, contains some very strong expressions of Lord Mansfield, to the effect, that whatever transfers the money secured by mortgage, transfers the land. Mr. Justice Wilde, in *Parsons* v. *Welles,* 17 Mass.

424, following Judge Trowbridge, thinks that there must have been some qualifying expressions, which the reporter omitted to state, in that case. But with reasonable limitations, arising plainly from the subject matter, it does not import any thing contrary to the law, as held in Massachusetts. The only point adjudged was, that when, by the terms of a will, real estate is given to one, and money and personal property to another, a mortgage due to the testator, although it had become absolute at law by the nonpayment of the debt at the day, being still redeemable in equity by the established rules of chancery, should be considered personal property, and pass to the legatee of the personal estate, and not land, to go to the devisee of the realty. It was inferring the intent of the testator from the nature of a mortgage, as a pledge and security for money, and not as land, so long as it is redeemable.

*Green* v. *Hart*, 1 Johns. 580, was a case in the court of chancery, and the equitable rights and remedies only of the plaintiff were drawn in question. But in that case the mortgage was given for the security of one note only, and the mortgage deed was delivered with the note to the indorsee, and this act was clearly an indication of the intent of the mortgagee to give the indorsee the benefit of the mortgage.

*Jackson* v. *Blodgett*, 5 Cow. 203, was the case of a mortgage to secure one debt on a bond not negotiable; the bond was assigned without the mortgage, and the debtor had notice thereof. Afterwards, acting under a supposed power of the mortgagee, without legal authority and by collusion with the debtor, an agent received payment of the debt and discharged the mortgage. It was decided that the discharge was fraudulent; the payment by the debtor, after notice of the assignment of the bond, a payment in his own wrong; and that an action might be maintained by the original mortgagee, in connection with the assignee of the bond, for the benefit of the latter.

*Jackson* v. *Willard*, 4 Johns. 41, decided that the interest of a mortgagee in mortgaged premises could not be taken in execution by the sheriff and sold to satisfy the debt of the mortgagee, until foreclosure, though the estate of the mortgagee had become

absolute at law; because, whilst redeemable in equity, it was but a pledge for a debt; which is quite consistent with our laws.

Our own authorities are numerous, and we think decisive. Reading of Judge Trowbridge, 8 Mass. 554 *& seq.* *Warden* v. *Adams,* 15 Mass. 233. *Somes* v. *Skinner,* 16 Mass. 348. In that case, suit was brought for several tracts of land; it turned out that, though the plaintiff had a legal title to several, one was held by a trustee for him; and it was held, that he could not maintain a real action for that; and on motion he was allowed to discontinue as to that parcel. *Parsons* v. *Welles,* 17 Mass. 419. *Crane* v. *March,* 4 Pick. 131. In that case, it was held, that if the indorsee of one of several notes secured by mortgage, without assignment, has any right to the mortgaged estate in security, it is only in equity, as *cestui que trust,* the legal estate being in the mortgagor. Of course he could not maintain a real action.

In conclusion, the court are of opinion that, under the circumstances, if the plaintiff, by taking one of two notes secured by mortgage, by indorsement, without any assignment of or reference to the mortgage, took it with any resulting trust in the mortgaged premises—upon which it is unnecessary to express an opinion for the decision of this cause—she took no legal interest in the realty, and therefore that this action cannot be maintained.                    *Judgment for the defendant.*

*G. H. Kingsbury,* for the plaintiff, cited *Martin* v. *Mowlin,* 2 Bur. 978, 979; *Jackson* v. *Blodgett,* 5 Cow. 203; *Jackson* v. *Willard,* 4 Johns. 43; *Green* v. *Hart,* 1 Johns. 580; *Southerin* v. *Mendum,* 5 N. H. 432; *Wilkins* v. *French,* 20 Maine, 116; *Clark* v. *Beach,* 6 Conn. 159; *Keyes* v. *Wood,* 21 Verm. 331; *Belding* v. *Manly,* 21 Verm. 550; *Dick* v. *Maury,* 9 Sm. & Marsh. 448; *Cutler* v. *Haven,* 8 Pick. 490; *Crane* v. *March,* 4 Pick. 131; 4 Kent Com. (6th ed.) 158–160.

*H. C. Hutchins,* for the defendant.