Conceding that the intermarriage of the plaintiff and her mortgagor, Power, would extinguish the debt and the security according to the principles of the common law, the first question is, whether that result any longer obtains since the "act for the more effectual protection of the rights of married women." (Laws of 1848, ch. 200, p. 307.) By that act, it is declared that "the real and personal estate of any female who may hereafter marry, and which she shall own at the time of the marriage, and the rents, issues and profits thereof, shall not be subject to the disposal of her husband, nor be liable for his debts, and shall continue her sole and separate property as if she were a single female." We think the plaintiff was within the protection of this statute. If the bond and mortgage in question had been given by some third person, it is conceded that her rights would not have been affected by her subsequent marriage. But the statute makes no distinction in favor of a husband who is himself the debtor of the wife, antecedently to the marriage. In this case the bond and mortgage were the property of the plaintiff, which she owned at "the time of her marriage," and, by the letter of the act, they were to continue her "sole and separate property as if she were a single female." There is manifestly *Page 533 
nothing in the language, and, we think, nothing in the general policy of this statute which will justify the discrimination suggested.
The plaintiff thus having a bond and mortgage which were in full force and effect, and her husband being the owner of the fee in the mortgaged premises, she joined with him in executing a mortgage to the defendant upon the same and other lands; and the remaining question is as to the effect of that transaction. A mortgage is not an estate in lands, but is a lien or security merely, which can have no existence separate and apart from the debt. (Kortright v. Cady, 21 N.Y., 347, and cases cited.) And from this it results, that, without a transfer of the debt, the lien or interest in the land is incapable of a sale or assignment. It is not true in this case, nor is it pretended, that the plaintiff intended to sell or pledge the debt which she held against her husband. If we regard her act, therefore, as in the nature of a sale, pledge or mortgage of her collateral interest in the land by which the debt was secured, the act was plainly ineffectual, and passed nothing either absolutely or conditionally. (Jackson v. Willard, 4 John., 41; Aymar v.Bill, 5 John. Ch., 570.)
The counsel for the appellant has referred us to the statute (1 R.S., 748, § 1), declaring that "every grant or devise of real estate, or of any interest therein, shall pass all the interest or estate of the grantor or devisor, unless the intention to pass a less estate shall appear by express terms, or be necessarily implied in the terms of such grant." The suggestion upon this statute is, that, in accordance with its terms, the mortgage in which the plaintiff united with her husband must be deemed to have passed all her interest conditionally to the defendant. But this is not so. The rule of the common law was, that conveyances and devises of land passed no more than a life estate, without express words of inheritance, or something equivalent thereto. This enactment was intended to abrogate that rule, and establish the opposite one. And clearly where, as in this case, the instrument, viewed as a grant or sale, absolute or conditional. cannot, in the nature of the case, pass any *Page 534 
interest at all, no question can arise as to the quantum of such interest or estate. The statute, in short, has no application to the present question.
But I see no reason to doubt that the plaintiff, although afeme covert, had the power and right to release the lien of her mortgage, and in that manner extinguish it. And, as she could do this absolutely, so she might execute an instrument which would have that effect conditionally. The question, then, is, has she so released and extinguished her mortgage? What she did was, to join with her husband in executing a junior mortgage to the defendant. The latter, I think, was capable of taking such a release, by which is meant that he had an interest in the premises which could be enlarged by the extinguishment of a prior interest, and the release might be contained in the same instrument by which his interest was created, both taking effect at the same time. If the mortgage to the defendant had declared in plain terms that the plaintiff intended to release, and did thereby release, her lien as mortgagee, as well as her inchoate right of dower, I see no reason why the intention would not have been effectuated.
The question is, therefore, one of interpretation. The mortgage to the defendant was in the usual form, that is to say, it was, in form, a conveyance by the husband and wife to the defendant, his heirs and assigns, of the lands described, defeasible on payment of the sum of money mentioned in the bond of the husband. It contained no reference to any particular interest of the plaintiff, nor any words importing a release or covenant not to enforce her mortgage. The parties are described as Melvin Power and Prudence his wife. What, then, is the fair construction of the instrument as against the wife? At the time of its execution she had a prior mortgage on one parcel of the land described in it, and she had an inchoate right of dower in the same parcel and in all the others. If a person, having a mortgage on land, but no other claim, should unite with the owner in a conveyance or mortgage to a third person, it might be urged, with great force, that the intention was to have the instrument operate on the only interest which *Page 535 
the party had. The argument would be forcible, because no other reason could be given for so uniting in the deed or mortgage. But the plaintiff was not thus situated. Her act was effectual as a release of her dower right in all the lands which the mortgage to the defendant embraced, and the instrument was in precisely the same form it would have taken had she possessed or claimed no other interest in the premises. And this, we think, is the true exposition of the transaction. The case of Aymar v. Bill
(supra) is in point. There B and C united in a mortgage to A, covering two parcels of land. One of the parcels was owned by them jointly, they having bought it of A, and having given the mortgage for the purchase-money. The other parcel was owned by B alone; and he had given to C a prior mortgage upon it. The question was, whether C, by uniting in the mortgage upon both parcels, thereby released or in any way affected his own prior security upon one of them. The court held that his act was to be referred to the legal estate which he had in the other parcel. This construction, it was thought, gave a just and full operation to the instrument; and the first mortgage, therefore, retained its priority. The plaintiff in the present case is a married woman, and she is entitled to a construction certainly not less liberal. Having an inchoate legal estate in dower in all the lands affected by her husband's mortgage in which she joined, and the instrument being in the appropriate and usual form for incumbering that interest, we think we ought not to impute to her an intention of discharging the prior lien which she held as security for her husband's debt.
It has been said on the argument that the actual intention of the plaintiff, as proved by the oral evidence, was to cut off her mortgage by this transaction. To this it must be answered: 1. The evidence itself is indecisive on this point; 2. The intention must be ascertained from the writings and the contemporaneous facts, and not from conversations; 3. The judge who tried the case without a jury has not found that any such intention existed; and, if it were necessary to sustain his judgment, *Page 536 
the intendment of the case would be that he found the contrary. The judgment must be affirmed.
DAVIES, LOTT and HOYT, Js., concurred.