## COOPER *a.* NEWLAND.

*Supreme Court, Seventh District; General Term, Sept.,* 1863.

FINDING OF REFEREE.—ASSIGNMENT OF MORTGAGE.—RECITAL IN MORTGAGE.

The finding of a referee, that a bond was executed with the mortgage, which is proved only by the recital in the mortgage, is conclusive as to the execution of the bond.

Where a mortgage is given to secure payment of a bond, an assignee suing to foreclose the mortgage must show an assignment to him of the bond, as well as of the mortgage.

It is well settled that a mortgage passes by an assignment of the bond to which it is collateral, on the ground that the incident follows the principal debt; but the bond does not pass by an assignment of the mortgage.

The assignment of the mortgage without the bond, in such a case, is a nullity.

The mortgage interest, as distinct from the debt created by the bond, has no determinate value, and is not a fit subject for an assignment.

Appeal from a judgment.

This action was commenced by the plaintiff for the foreclosure of a mortgage alleged to have been executed, together with a bond accompanying the same, by the defendant, F. M. King, to C. P. King, and by the latter assigned to Ira Miltimore, and by him assigned to Jeremiah Blood as collateral security for the payment of two notes, which are claimed by defendants to be usurious, one of the notes securing 20 per cent. interest, and the other 12 per cent. These notes were executed in Wisconsin. The answer denies every thing set forth in the complaint except the making of the mortgage, and claims that the assignment from Miltimore to Blood, being based upon usurious consideration, was void; and if valid, that these notes were barred by the Statute of Limitations, and, no suit having been commenced on the notes against Miltimore, the plaintiff has no right to enforce their payment against the defendants. The issues were referred to George Rathbone, Esq., referee, who made a report in favor of the plaintiff, directing a sale of the mortgaged premises, and holding the defendant, F. M. King, liable for any de-

ficiency on the sale. Other facts are stated in the opinion of the court.

From the judgment entered on this report the defendants appealed to the general term.

*Finlay M. King* and *Charles Andrews*, for the appellants.

*William C. Rowley*, for the respondents.

By THE COURT.[*]—JAMES C. SMITH, J.—The finding of the referee, that the defendant executed a bond in connection with the mortgage which is sought to be foreclosed in this action, is sustained by the recital to that effect in the mortgage, and his decision of the question is conclusive.

But the objection that there is no evidence that the bond was assigned by the obligee to Miltimore, or by Miltimore to Blood, presents a more serious question. The complaint alleges that the bond and mortgage in suit were executed by the defendant King to Chauncey P. King; that they were assigned by him to Miltimore, and by Miltimore to Jeremiah Blood, and were left as a part of Blood's estate, at his death; and the plaintiff claims to derive title to them, partly as his widow and legatee, and partly by purchase from his children, who were the other legatees, and under certain proceedings of the Probate Court in Wisconsin. These allegations are denied in the answer. The plaintiff testified, as a witness in her own behalf, that the mortgage was assigned by Chauncey King to Miltimore, and again by Miltimore to Blood; that each of said assignments was in writing, on the back of the mortgage, and that the mortgage was lost. She did not testify that the bond was assigned. She also put in evidence a copy of the record of the assignment from Miltimore to Blood. The assignment purports to transfer the mortgage, but no bond. The assignment from Miltimore to Blood was not absolute, but as collateral security for the payment of two certain promissory notes, made by Miltimore, and which were held by Blood. There is no evidence that the bond was ever in the possession of Miltimore or Blood: on the contrary, the plaintiff, who testified that

---

[*] Present, E. D. SMITH, T. A. JOHNSON, and J. C. SMITH, JJ.

the mortgage and the Miltimore notes were among the papers left by her former husband, Blood, at his death in August, 1851, and that they were in the hands of his administrator or herself until they were lost in October, 1856, stated that she had no recollection of a bond.   Upon this state of the evidence, I see no ground upon which to sustain the finding of the referee, that the bond, as well as the mortgage, was assigned to Miltimore, and by him to Blood.   It is well settled that a mortgage passes by an assignment of the bond to which it is collateral, on the ground that the incident follows the principal debt, but the bond does not pass by an assignment of the mortgage.   "The incident shall pass by the grant of the principal, but not the principal by the grant of the incident.   *Accessesorium non ducit, sed sequitur principale.*"   (*Broom's Leg. Maxims*, 360; Jackson a. Willard, 4 *Johns.*, 43; Wilson a. Troupe, 2 *Cow.*, 196; Jackson a. Blodgett, 5 *Ib.*, 202; Langdon a. Buell, 9 *Wend.*, 80.)   As the plaintiff was not the owner of the bond, the referee erred in deciding that she was entitled to judgment against the defendant King for a deficiency.

But the consequences of the want of an assignment of the bond do not stop here.   The assignment of the mortgage without the bond, is a nullity.   This is the case at law and in equity, and for good reasons.   The mortgage, before foreclosure, is but an incident attached to the debt, which cannot be separated from its principal.   The mortgage interest, as distinct from the debt, has no determinate value, and is not a fit subject for assignment.   If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond.   The control over the mortgaged premises must essentially reside in him who holds the debt.   "It would be absurd in principle, and oppressive in practice, for the debt and mortgage to be separated and placed in different and independent hands."

This language of Chief-justice Kent, in the case of Jackson a. Willard (4 *Johns.*, 43), was adopted by Justice SUTHERLAND in Jackson a. Blodgett (5 *Cow.*, 206), and is fully sustained by other authorities.   (Jackson a. Bronson, 19 *Johns.*, 325; Wilson a. Troupe (*supra*); *Powell on Mort.*, 1115, 1116; Agmer a. Bill, 5 *Johns. Ch.*, 590; Langdon a. Buell, *supra.*)   In the case last cited, SUTHERLAND, J., said: "The mortgage cannot exist as an independent debt.   If, by especial agreement, it does not ac-

company the security assigned, it is *ipso facto* extinguished, and ceases to be a subsisting demand." It follows, that the conclusion of the referee, that the plaintiff is entitled to a decree of foreclosure of the mortgage, is also erroneous.

These views render it unnecessary to consider the other questions discussed on the argument, and lead to a reversal of the judgment.

The judgment should be reversed, the report of the referee set aside, and a new trial ordered.