SMITH V. STARR.

*Suretyship — surety not liable beyond the terms of his contract.*

Defendant guaranteed the payment of a bond " to Arthur Childs, the present owner and holder of said bond." *Held*, a guaranty to Childs only, and that it did not pass as collateral with the assignment of the bond by Childs.

A surety is not to be held beyond the precise terms of his contract.

APPEAL by plaintiff from an order dismissing the complaint in an action tried before the court without a jury.

The action was brought by Isaac S. Smith, executor, etc., of Mary W. Smith, deceased, against Frederick W. Starr, upon a guaranty of a bond and mortgage. The guaranty was as follows :

" In consideration of the sum of one dollar to me in hand paid by Arthur Childs, the receipt whereof is hereby acknowledged, and of other valuable considerations : I, Frederick W. Starr, of the city of Brooklyn, do for myself, my heirs, executors and adminis-

trators guarantee the payment of principal and interest of a certain bond and mortgage made by Mary Ann Sutherland and Spencer Sutherland, her husband, dated February 1st, 1872, to secure the sum of three thousand dollars and interest, which said mortgage was recorded in the Kings county register's office in Liber 1052, of mortgages, page 154, February 6th, 1872, to Arthur Childs, the present owner and holder of said bond and mortgage, his executors and administrators, according to the terms and conditions thereof, together with any costs, allowance and disbursements attending a foreclosure of the same.

"In witness, etc.

"FRED'K W. STARR." [L. S.]

At the time of the execution of the guaranty, Arthur Childs was the owner of the bond and mortgage. Subsequently and before the commencement of this action, the same was transferred to plaintiff's testator, who foreclosed the same. Upon the foreclosure sale there was a deficiency of $2,611.67, for which this action was brought.

The court, upon these facts, dismissed the complaint, holding that "The assignment of the bond and mortgage did not *ex proprio vigore* carry the title to the guaranty to the assignee. The latter was a separate personal obligation, and before the plaintiff can maintain a suit upon it, he must allege that he is the owner of it by gift, purchase or otherwise."

*Charles H. Smith* and *John H. Knœbel*, for appellant. The assignment of the bond did carry the title to the guaranty to the assignee. *Pattison* v. *Hull*, 9 Cow. 747; *Craig* v. *Parkis*, 40 N. Y. 181; *Merritt* v. *Bartholick*, 36 id. 44; *Dorsheimer* v. *Nichols*, 1 Abb. Ct. App. 519; *Parmelee* v. *Dann*, 23 Barb. 461; *Jackson* v. *Blodget*, 5 Cow. 202; *Jackson* v. *Willard*, 4 Johns. 43; *Averill* v. *Taylor*, 8 N. Y. 44; *Gould* v. *Ellery*, 39 Barb. 163.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

GILBERT, J. The answer does not admit that the guaranty was given as security for the payment of the bond. If it had, there would have been no question that it passed to the plaintiff as an incident to the debt assigned to him. *Jackson* v. *Blodget*, 5 Cow. 202; *Craig* v. *Parkis*, 40 N. Y. 181. The bond being the principal obligation, a guaranty of the payment thereof generally

would pass with an assignment of the bond as security collateral thereto, and a formal assignment of the guaranty would not be necessary to vest the same in an assignee of the bond. *McLaren* v. *Watson's Exrs.*, 26 Wend. 425.

But the answer sets up that the guaranty was given to indemnify Mr. Childs, the plaintiff's assignor, personally. No evidence having been given besides the guaranty itself, its legal effect can be determined only by an interpretation of the language thereof. The defendant thereby guarantees the payment of the bond " to Arthur Childs, the present owner and holder of said bond," etc. We think the legal import of this language is an engagement to Childs only. The defendant, being a mere surety, cannot be bound beyond the scope of his engagement. Thus in *Wright* v. *Russell*, 3 Wils. 530, a bond, conditioned for the honesty of one Baird, a clerk, was given by the defendant to one Wright, the employer of the clerk. Wright, subsequently to the giving of the bond, entered into partnership with one G. D. It was held that the defendant was no longer liable on the bond. The court said, "The condition was confined to Wright only, and the breach assigned is the non-payment of the money to Wright and Delafield, which is not within the condition." So in *Barker* v. *Parker*, 1 T. R. 287, it was held, that a bond, with a condition that a clerk should faithfully serve and account for money to the obligee and his executors, did not make the obligor liable for money received by the clerk in the service of the obligee's executor. Lord MANSFIELD said: "The bond in question is relative to the service with Pyott, the testator. It was given as an indemnity that the clerk should be faithful to him." See, also, *Weston* v. *Barton*, 4 Taunt. 673 ; *Pemberton* v. *Oakes*, 4 Russ. 154 ; *Chapman* v. *Beckinton*, 3 Q. B. 703 ; *Gates* v. *McKee*, 13 N. Y. 237 ; *Ludlow* v. *Simond*, 2 Cai. Cas. 1. The principle of all the cases on this subject is that a surety is not to be held beyond the precise terms of his contract. If the contract was entered into to assist a friend, it is to be construed strictly as mere matter of legal right.

Having no means of ascertaining the actual intentions of the parties to the contract in this case besides the words they used, we can only give effect to those words according to their plain and natural import. So construed the guaranty is, that the bond should be paid to Childs, his executors and administrators. We cannot say that it was given for the purpose of facilitating a sale

or other disposition of the bond, or that it was intended to be aught but an indemnity to Childs and his representatives against loss. Childs having put it out of his power to receive payment, the purpose of the guaranty has been accomplished, and the guarantor is discharged.

The judgment must be affirmed.

*Judgment affirmed.*