JOSEPH B. QUINN
*v.*
PETER P. SCHMIDT.

1. CHATTEL MORTGAGE—*misdescription of date of note.* A misdescription of the note secured by a chattel mortgage as to its date, reciting it as of even date with the mortgage, when it in fact bears date prior thereto, can have no such effect as to vitiate the mortgage. It can have no other operation than its bearing upon the question of the good faith of the transaction.

2. SAME—*evidence of the debt secured.* In replevin for mortgaged chattels, or in trover for their value, by the mortgagee against a party levying upon them as the property of the mortgagor, when the mortgage fully describes the debt, it is not necessary to prove the contents of the note by the note itself to sustain the mortgage.

3. SAME—*effect of an insecurity clause.* Where a chattel mortgage provides

for the possession of the property to remain with the mortgagor for a specified time, and contains a clause that if any writ from any court shall be levied upon the same, the debt shall become due and the mortgagee may elect to take possession of the property and sell, etc., the mortgagee may maintain replevin or trover for the property after demand for its possession from a party levying upon the same, and refusal to surrender it.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. S. W. RAWSON, and Mr. T. L. HUMPHREYVILLE, for the appellant.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action in replevin with a count in trover, brought by the appellee, to recover certain goods, or their value, taken by the appellant on a writ of attachment against one Paul Meyer, having possession of the goods, and who had previously mortgaged the same to the appellee to secure a debt of $400. Upon the taking of the goods by the appellant on his writ of attachment against Meyer, the appellee made demand for the goods, as he had a right under the mortgage to take possession of them in such an event, and upon refusal of appellant to surrender the same, this action in replevin was commenced, and the property not being obtained on the writ, a count in trover was added. The plaintiff recovered a verdict and judgment for $150, and the defendant appealed.

The principal errors assigned are in respect to the non-production at the trial of the promissory note the mortgage was given to secure the payment of, and a variance between the note described in the mortgage and the one given.

The mortgage describes the note as one of even date with the mortgage, from the mortgagor, Meyer, to the mortgagee, Schmidt, for $400, payable two years after date with ten per cent interest.

The testimony of the mortgagor and mortgagee was, that

the note had been given some time previously to the mortgage, that of the mortgagor some eleven months before. They both agree in saying that the mortgage was given to secure the payment of a note for $400 owing by the mortgagor to the mortgagee.

This is all the variance or defect in the description of the note appearing, as to its date. This is but a circumstance of misdescription, which, of itself, can not have any such effect as to vitiate the mortgage. It could have no other operation than in its bearing upon the good faith of the transaction.

The note itself was not produced at the trial. But it appeared from appellee's testimony that the note was yet in his hands—that he had left it at home. The mortgage itself fully described the mortgage debt, and the contents of the note were not necessary to be proved by the note itself to sustain the mortgage. The note was the principal, the mortgage the accessory; and *omne principale trahit ad se accessorium. Jackson v. Blodget*, 5 Cow. 206. All that was necessary was that there should have been no transfer of the note, thereby passing the interest in the mortgage, but that the note should still remain with the mortgagee in order to entitle him to enforce the rights under the mortgage. We think this appeared from the other evidence in the case, although the note was not produced. Its non-production was accounted for.

What has been said sufficiently disposes of the question as to instructions.

We regard the verdict as sustained by the evidence. The mortgage provided for the possession of the property to remain with the mortgagor for two years, but it contained a clause that if any writ from any court should be levied upon the property, the note should become due, and the mortgagee might elect to take possession of the property and sell and dispose of it at public auction, etc. The writ of attachment was levied upon the property three days after the date of the mortgage.

The judgment will be affirmed.

*Judgment affirmed.*