## Marine Court.

*Trial Term—March,* 1883.

## SLOAN *against* NEW YORK, WOODHAVEN AND ROCKAWAY R. R. CO.

Where railroad shares are transferred after interest has accrued there-
on, the right to the accrued interest passes by the assignment.
The stock is the principal and the interest merely the incident
thereof, and follows the former.

McADAM, J.—On the first day of February, 1881,
the plaintiff was the owner of 110 shares of the " New
York, Woodhaven and Rockaway Car Trust." On
that day $1,650 interest thereon became due, $1,375
were paid on account, leaving $275 due. In August,
1881, the plaintiff transferred said shares to Job Jack-
son for value, and none of the same have been held or
owned by the plaintiff since that date. The present
action was commenced in December, 1882, to recover
the aforesaid $275. Upon these conceded facts, and
without considering the other questions raised by the
defendant, I hold as matter of law : I. That the stock
as the evidence of the debt is the principal, the inter-
est the accessory and follows the debt (Jackson *v.*
Blodgett, 5 *Cow.* 202 ; Langdon *v.* Buel, 9 *Wend.* 80 ;
Parmlee *v.,*Dunn, 23 *Barb.* 461 ;' Crary *v.* Perkins, 40
*N. Y.* 181 ; Claflin *v.* Ostran, 54 *Id.* 581 ; Bolen *v.*
Crosby, 49 *Id.* 183 ; Gallagher *v:* Nich, 60 *Id.* 438 ;
Pilcher *v.* Brayton, 17 *Hun,* 429). II. The accrued
interest as distinct from the debt has no determinate
value and can neither be retained nor assigned acces-
sorium non ducit, sed sequitur principale (Cooper *v.*
Newland, 17 *Abb. Pr.* 344, cited with approval in
Merritt *v.* Bartholick, 36 *N. Y.* 44). An assignment

of a claim carries with it as a necessary incident the interest accrued thereon. III. That the cause of action for the interest claimed herein passed to and was vested in Job Jackson before the present action was commenced, and that the plaintiff herein has no cause of action, and that his complaint must be dismissed, with costs.