(49 Misc. Rep. 562)

## CHANDLESS v. GLOBE STORAGE & CARPET CLEANING CO.

### (Supreme Court, Appellate Term.   February 27, 1906.)

**1. CHATTEL MORTGAGES—ASSIGNMENT OF DEBT—EFFECT.**
> The transfer of part of several notes secured by a chattel mortgage passes an interest in the mortgage without any formal assignment thereof.
>
> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, § 453.]

**2. REPLEVIN—EVIDENCE—TITLE OF THIRD PERSON.**
> In an action of replevin, evidence *held* sufficient to show that a third person was entitled to the property.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Replevin by Lenore Chandless against the Globe Storage & Carpet Cleaning Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

John C. Shaw, for appellant.
Louis Jersawitz, for respondent.

GREENBAUM, J.   Plaintiff brought replevin against defendant, a warehouse company with whom she had stored the chattels, the subject-matter of this action.   The only defense involved on this appeal is that a third person, one John E. Shaw, was entitled to the chattels, and that the testimony warranted a finding to that effect.

Section 116 of the New York Municipal Court act provides:

"The defendant may, by answer, defend, on the ground that a third person was entitled to the chattel, without connecting himself with the latter's title." Laws 1902, p. 1528, c. 580.

The facts are as follows:   One Olga Burns was originally the owner of the chattels, which consisted of a lot of household effects used in connection with a boarding house.   Said Burns, through the agency of one Dora H. Blakeley, sold them to one Sadie H. Bicknell for $2,000, by the payment of $500 in cash, and the balance in a series of notes of $50 each, aggregating $1,500, secured by a chattel mortgage on the property sold.   Upon the consummation of the transaction, the vendor, Burns, who became indebted in the sum of $150 to said Blakeley for commissions in effecting the sale, instead of paying her in cash, delivered to her the first three of the series of notes received from Bicknell, aggregating $150, indorsed by said Burns, together with a written instrument, duly signed, whereby the latter duly transferred to Dora H. Blakeley all her "right, title, and interest to the payments to be made by Sadie H. Bicknell" on the first three notes above described, and which are specifically stated in said instrument as "secured by a certain chattel mortgage executed to me by the said Sadie H. Bicknell"; the mortgage being further identified as that covering the chattels in suit. It appears that plaintiff's title to the goods is based upon a written in-

strument executed some time after the transactions above set forth by Olga' Burns, which purports to be an absolute bill of sale of chattels "sold to me [Olga Burns] by Belle Phillips by bill of sale January 17, 1905;" and which also contains the following language: "Also all my right, title, and interest in the chattel mortgage for $1,500, made by Sadie H. Bicknell to me, dated on or about May 5, 1905." It may be inferred from the testimony, which is not satisfactorily nor concisely presented, that Olga Burns became repossessed of the household effects on account of the default in the payment of the notes, and that the last described instrument was designed to vest the title to the chattels in plaintiff by bill of sale and by a surrender of the mortgage and $1,350 of unpaid notes; the balance of the $1,500 notes in the hands of Burns for which the mortgage was given as security. The three notes held by Blakeley were not paid, and were duly protested for nonpayment.

The effect of the judgment rendered in behalf of plaintiff was to declare that Shaw was not, under the proofs, shown to have been entitled to the chattels. The transfer of the three notes by Burns to Blakeley passed an interest to the latter in the mortgage without any formal assignment of the mortgage. Jackson v. Blodget, 5 Cow. 202; Jackson v. Willard, 4 Johns. 41; Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145.

The circumstances attending the alleged transfer of title from Burns to plaintiff lead to the conclusion that the notes amounting to $1,350 were discharged, so that the only outstanding claims against the mortgaged property were the three notes delivered to Blakeley, and by her assigned to Shaw. No question of priority of rights under the mortgage as between Shaw and defendant can arise where the mortgage is effective only to the extent of the three unpaid notes. Indeed, if there could be any question of priority, it must necessarily be resolved in favor of Shaw, because the notes held by him are indorsed by Burns, making her personally liable thereon, and necessarily subordinating her rights under the mortgage to those of defendant.

It seems clear that defendant established that John E. Shaw, a third person, was entitled to the chattels. As it appears that appellants have given notice of an application for an order of restitution, as required by section 323 of the Municipal Court act (Laws 1902, p. 1582, c. 580), the judgment will be reversed, and restitution of the replevied chattels and a new trial ordered, with costs to the appellant to abide the event. All concur.