ROSE *vs.* BAKER & PERKINS.

In 1847, the defendants, B. & P., were partners in buying wheat. R. lent B. $300, and took his individual note for it. The money was used to pay for grain B. had purchased. In the fall of 1849, B. paid part of the sum due upon the note, and gave R. his individual note for the balance, $198. In May, 1849, R. sold the last note to the plaintiff for $140, which amount the plaintiff paid him. The plaintiff kept the note, for a time, and then handed it to R., telling him to get the money, and if it was not paid, to place the note in the hands of an attorney, for collection. An assignment was then executed by R. to the plaintiff, of all his claim against B. & P. for moneys loaned them in the spring of 1847, expressing a consideration of $193,25, paid by the plaintiff. No new consideration was paid to R. In an action by the plaintiff, as assignee of the demand, to recover the balance due from B. & P. on the loan made to them by R.; *Held*, that R., at the time of the sale of the note to the plaintiff, had a valid claim against B. & P. for the balance due upon the loan to them, which claim passed to the plaintiff upon the sale of the note to him.

*Held also*, that if the claim against the defendants, upon the original indebtedness, did not pass to the plaintiff upon the sale to him of the note of B., the *assignment* afterwards executed by R. was valid and effectual to transfer such claim to the plaintiff.

THIS action was brought to recover a balance claimed to be due from the defendants on an alledged loan by one Cornelius J. Rose, to them, which demand the plaintiff alledged had been assigned to him. At the trial, the plaintiff proved by the said Cornelius J. Rose, that the defendants, in April, 1847, were partners in buying wheat; that in that month the witness let the defendant Baker have $300, and a few days afterwards took his individual note for it; that the money was used to pay for grain Baker had purchased; that Baker, in the fall of 1848, failed, and in the winter following paid part of the note, and gave his individual note for the balance, which was $198; and that in May, 1849, the witness sold the note last named to the plaintiff for $140, which amount the plaintiff then paid him. The witness testified that he " then transferred to the plaintiff nothing but the note; and that the agreement between the witness and the plaintiff was, that the plaintiff should have all the witness' interest in the note against Baker, for the money he then paid the witness." It was further proved, by this witness,

Rose *v.* Baker.

that the plaintiff kept the note for a time, and then handed it to the witness to get the money, and if it was not paid, to place the note in the hands of an attorney, for collection; and that on the note being left with the attorneys in this suit for the plaintiff, they prepared an assignment from the witness to the plaintiff, expressing as the consideration $193,25, paid by the plaintiff, and assigning all claim of the witness against the defendants for moneys loaned them in the spring of 1847; which assignment the witness executed without receiving any new consideration therefor; and the same was read in evidence. The plaintiff having rested, the defendants moved for a nonsuit, upon the sole ground that the plaintiff had given no evidence of the sale or transfer to him of the demand set out in the complaint; and the justice at the circuit decided that the evidence in regard to the transfer was insufficient, and granted the motion. The plaintiff now moved, upon a bill of exceptions, that the nonsuit be set aside.

*H. K. Jerome*, for the plaintiff.

*W. H. Kelsey*, for the defendants.

*By the Court*, T. R. STRONG, J. The first question proper to be considered in this case is, whether, assuming that the payee of the note, made by Baker, at the time of the sale thereof to the plaintiff, had a valid claim against both the defendants for the balance due upon the loan to them, that claim, as to both, passed to the plaintiff by the sale. The note given by Baker a few days after the loan, was given for the debt created by the loan; and the note which was sold to the plaintiff was given for the balance due of that debt, after a partial payment upon the first note, and as a substitute for the first note in respect to that balance. There were not two distinct debts; one created by the loan, and the other by the first note; but that note represented and was the evidence, as against Baker, of the original debt; and the note sold represents and is the evidence, as against the same defendant, of the amount of that debt remaining unpaid.

The payee might have enforced his claim against both defendants, by relinquishing the note of Baker; or against Baker upon the note; but he could not do both; nor could he sell either note and retain in force the claim for which it was given. That claim, as to him, would either pass by the sale or be extinguished. Doubtless he could by express stipulation have restricted the purchaser to his remedy upon the note against Baker alone; but in that case Perkins would have been discharged, except so far as he might be liable to Baker to contribute to the payment of the debt. There is no evidence showing that the payee intended in his sale to the plaintiff to confine him to his remedy upon the note, and no motive for such an intention appears. I regard it clear, therefore, that the sale of the note, was a sale also of the balance owing of the original debt as against Baker; and it would seem to follow as a necessary consequence, that the sale passed the claim upon the original indebtedness against Perkins as well as Baker. The liability of Baker for the sum due was not a several liability; he was jointly liable with Perkins, and not otherwise. He could not be sued upon that debt except jointly with Perkins. It was not in the power of the payee of the note to sever the liabilities of the defendants; and there is no evidence that he intended to do so. Nothing appears tending to the conclusion that there was any intention the plaintiff should not take by the sale any claim against Perkins. It is well settled that the sale of a note or bond secured by a mortgage on personal or real estate, carries the mortgage, although it is not mentioned. (*Langdon* v. *Buel,* 9 *Wend.* 80. *Jackson* v. *Blodget,* 5 *Cowen,* 202.) The assignment of a judgment necessarily carries the debt; and if the debt be secured by a mortgage, it carries the mortgage interest. "All incidental securities, all remedies for a debt follow it." The effect cannot be avoided without a reservation. (*Pattison* v. *Hull,* 9 *Cowen,* 747, 751.)

The purchase of a debt entitles the purchaser to all the additional securities for it, though they be not expressly named in the assignment of it. (*Farmers and Drovers' Bank* v. *Fordyce,* 1 *Pennsyl. Rep.* 454.) The books are full of cases to that

Rose v. Baker.

effect. If Perkins had been a mere surety for Baker, for the debt arising from the loan, these cases are directly in point that the right of the payee to resort to him would have been transferred to the plaintiff with the note ; and there is much stronger reason why the claim against him as a joint principal with Baker should have passed by the sale.

But if the conclusion to which I have arrived upon the point considered is wrong, another question in the case is, whether the written assignment by the payee of the note, of the claim against the defendants for the money loaned, was not valid and effectual to pass the claim to the plaintiff. So far as the objection that no new consideration was received, is concerned, the obvious answer is, that the consideration paid for the note supports the assignment, and that no new consideration was necessary ; and as to the objection that the instrument was not delivered to the plaintiff or any person authorized by him to receive it ; a delivery to a third person for him was sufficient. (*Verplank* v. *Sterry,* 12 *Johns.* 535. *Church* v. *Gilman,* 15 *Wend.* 656. *The Lady Superior* v. *McNamara,* 3 *Barb. Ch. Rep.* 375. *Rathbun* v. *Rathbun,* 6 *Barb.* 98.) If the assignment was for the plaintiff's benefit his assent to accept must be presumed. (2 *Kent's Com.* 454, 4th ed. *Cowen & Hill's Notes,* 303, 1283.) I should not, therefore, have any difficulty in holding the assignment valid and effectual.

Prior to the code, the remedy of the plaintiff upon the original consideration of the note, would have been in the name of the payee ; but the code allows him to enforce the claim in his own name. (§§ 111, 112.)

It is insisted by the defendants' counsel that the nonsuit was proper, notwithstanding it may not be sustained on the ground upon which it was ordered, for the reasons that it is not proved that the loan was to the defendants, and that if it was, the note of Baker, under the circumstances, was a payment of the balance due. I think, however, the bill of exceptions discloses at least sufficient evidence to require the submission to the jury of the question whether the loan was not to the firm. (*Jaques* v. *Marquand,* 6 *Cowen,* 497. *Reynolds* v. *Cleveland,* 4 *Id.* 282.

*Muldon* v. *Whitlock*, 1 *Id.* 290.) And certainly the court would not be warranted, upon the evidence given, in holding that the payee agreed to receive either of the notes in satisfaction of the balance of the original debt. Such an agreement was necessary, to render the note a satisfaction. (*Van Eps* v. *Dillaye*, 6 *Barb.* 244. *Vail* v. *Foster*, 4 *Comst.* 312. *Waydell* v. *Luer*, 3 *Denio*, 410.· *Cole* v. *Sackett*, 1 *Hill*, 516.)

The nonsuit must be set aside, and a new trial granted; costs to abide the event.

[Cayuga General Term, June 7, 1852. *Selden, Johnson* and *T. R. Strong*, · Justices.]