Parmelee and Wiggins *vs.* Dann.

Where a debt is assigned, the assignment carries with it all the collateral securities held by the assignor, for its collection, although they are not mentioned or referred to in the assignment; upon the ground that in such cases the securities are incidents to the debt, which is the principal.

Upon the same principle, where the defendant, by his agreements with M. and S. by which he let land to them to plant on shares, was bound to keep the fences in repair, *it was held* that assignees in law, of the interests of M. and S. in the crop, under such agreements, acquired, by the assignments, as an incident thereof, the right to prosecute the defendant for not fencing according to his contracts, and to claim·damages for injuries done by the animals of the defendant and others, to the crops while growing, in consequence of the non-repair of the fences.

APPEAL from a judgment entered upon a verdict, taken at the Ontario circuit in November, 1854, before T. R. Strong, justice. Upon the trial, the plaintiffs gave in evidence, that in June, 1851, one Winchester Merriam and the defendant agreed that the defendant would furnish 31 acres of land on his farm in West Bloomfield, in said county, to be sown to wheat that season by said Merriam; that each would furnish one half of the seed, that said Merriam should raise the crop and deliver to the defendant one half of the wheat, thrashed and measured; and that the defendant would repair and keep in repair the fences necessary to protect the crop from damage by cattle and other animals; it appearing that the fences were at that time

much out of repair.   The plaintiffs also gave in evidence, that in the same month and year, one Hiram Shaddock made a contract with the defendant in all respects like that above stated, as to 15 acres of other land on said farm.   The plaintiffs also proved that Merriam and Shaddock put in their respective portions of the wheat.   That in March thereafter, the interest of said Merriam in the wheat growing, sown by him, was sold at auction, on an execution issued out of the supreme court, on a judgment duly entered in favor of Rufus Keeler against said Merriam, to Parmelee, one of the plaintiffs.   That in February previous, the interest of said Shaddock in the wheat growing, sown by him, was sold at auction to Wiggins, the other plaintiff, on a chattel mortgage duly made and filed in the office of the town clerk of said town of West Bloomfield, made by said Shaddock to one Solon Peck.   It appeared that the plaintiffs, after purchasing, agreed to own said undivided interests in said two parcels of wheat, in common, and gave their joint notes therefor, soon after the last sale.   The plaintiffs claimed that by virtue of their ownership of said Merriam's and Shaddock's interests in said wheat, acquired as aforesaid, the right to prosecute the defendant for not fencing according to his contracts, and to claim damages of him for injuries done by the animals of the defendant and others to the wheat while growing, occasioned by the non-repair of said fences, passed by assignment in law to said plaintiffs as an incident of the sales ; and offered proof of such injuries.   To such claim, and to such proof, the defendant objected, and the court overruled the objection, and the defendant excepted.   The plaintiffs then proved that at sundry times after their said ownership had commenced, the sheep of the defendant and of others, and the cattle, swine and poultry of others, damaged the wheat while growing, and that the fences remained out of repair.   Other facts appeared, and other questions arose upon the trial, which are not necessary to be here stated.

The jury found a verdict in favor of the plaintiffs for $116 damages, upon which judgment was entered, with costs.

Parmelee *v.* Dann.

*A. Dann,* for the appellant.

*E. A. Hopkins,* for the respondents.

*By the Court,* WELLES, J.   The point principally insisted upon by the counsel for the appellant, upon the argument, was that the plaintiffs had not acquired title to the cause of action for which they recovered judgment.   I have not been able to find a case parallel with this in its facts and circumstances, and yet it is difficult, I think, to distinguish it in principle from a class of cases quite numerous in the books.   It is entirely clear that where a debt is assigned, the assignment carries with it all the collateral securities, held by the assignor, for its collection, although they are not mentioned or referred to in the assignment; upon the ground that in such cases the securities are incidents to the debt, which is the principal.   Hence, where one holds a note or bond against another, secured by mortgage upon real or personal property, and afterwards assigns the bond or note, or a judgment recovered upon it, to a third person, without any reference to the mortgage, the assignment of the debt, whether in its original form, or merged in a judgment, carries with it the mortgage. (*Langdon* v. *Buel,* 9 *Wend.* 80.) So where A lent B a sum of money, which B borrowed for the use of himself and C, his partner, and which was used in the business of the partnership, and B gave A his individual note for the money, which note A afterwards sold and transferred to D, it was held that the assignment of the note carried with it all the rights and remedies which A had previous to the transfer, respecting the money loaned, among which was the right of action against B & C, as partners, to recover the money for whose use it was borrowed and applied. (*Rose* v. *Baker &amp; Perkins,* 13 *Barb.* 230.)

The present case, I apprehend, should be determined the same as if Merriam and Shaddock had sold and assigned to the plaintiffs the wheat in the ground, with all their rights and interests appurtenant thereto.   That would be the effect of the sheriff's sale, and the chattel mortgage sale.   Among those

was the right to enter the defendant's land and premises and take off the wheat when ripe. That right would pass upon a simple sale of the wheat growing, as incident or accessary to the interest in the crop, under the agreement. The defendant by his agreements with Merriam and Shaddock, was bound to keep the fences in repair, and I incline to the opinion that it was a duty upon him, and rights were acquired by Merriam and Shaddock, the benefits of which were transferred to the plaintiffs by the same process which vested them with the title to the wheat. They were rights and duties incident exclusively, *quoad* the parties, to the crops of wheat, and by a severance of the one from the other, the incident would be destroyed.

Upon the whole, I think no rule of law has been violated, and that the judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, December 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]