Rosekrans, J.
The opinion delivered by Mr. Justice Gbeeh", in the Supreme Court (19 Barb,, 68), states correctly the prin *398 ciples of law applicable to this case. It is a maxim of the law that the incident shall pass by the grant of the principal, but not the principal by the grant of the incident. The sale by Battle, to his copartners, of his interest in the partnership pro-, perty, created a" debt in his favor, for the price of the property and the drafts which he took were merely the evidences of the debt, and not the debt itself. As between the parties to the sale, the debt was the principal and the drafts the accessary. They were mere securities for the payment of the debt. Had Battle assigned the debt to the bank, such assignment might have operated as an equitable assignment of the drafts, within the principle that whatever transfers a debt, carries with it the securities for the debt. But the transfer of an accessary tó a debt does not transfer the debt; accessorium non trahit principóle. (Broome’s Legal Maxims, 369, fol. 5.) When the principal and incident are separable, and'the incident is transferred,. it becomes the principal as between the parties to the transfer, and- the principal to which it was originally an accessory, becomes either absolutely extinguished or temporarily suspended. Bills of exchange and promissory notes, payable at a future day, received by a vendor of chattels, of his vendee, or by a creditor of his debtor, not as absolute payment, are within this class. While they are held by the vendor or creditor, and before their maturity, the right of-action upon the original consideration upon which they were received, is suspended. They operate as a conditional payment of such consideration, and if they are transferred, and remain in the hands of the assignee after maturity, so long as they so remain they operate as an absolute payment of the original consideration upon which they were taken. The authorities for this rule are numerous in the English courts and our own. (Belshaw v. Bush, 14 Eng. Law and Eq., 269; Clowes v. Claw, 25 id., 451; Frisbee v. Lamb, 21 Wend., 452; Griffith v. Owen, 13 Mees. & W., 58; Willson v. Jamison, id., 128; James v. Williams, id., 828; Hughes v. Wheeler, 8 Cow., 77; Bradish v. Green, 15 Johns., 247; Black v. Zacharie, 3 How. U. S., 483-510; Tobey v. Barker, 5 John., 68; Henry v. Sanger, 3 John. Cas., *399 71.) If the creditor who takes such securities, indorses them, and is charged as indorser, "and takes up the paper, he is remitted to his original rights. The suspended right of action upon the original consideration, in that case, revives in "him and he may bring his action upon such consideration, or upon the securities, at his election. In Belshaw v. Bush and Crowe v. Clay (supra), it appeared, as it does in the principal case, that the bills given for the price of goods sold were due at the commencement of the action by the vendor for the price, and in both of those cases it was held that to entitle the plaintiff to sue, he ought to be the holder of the bills, and the bills ought to be due. And in Griffin v. Owen, and Wilson v. Jameson (supra), it was said that a bill given for and on account of money due on simple contract, operates as a conditional payment, which may be repudiated at the option of the creditor, if the bill be unpaid at maturity in his hand, in which case he may rescind the transaction of payment and sue on the original contract. No case can be found in our own courts, except Rose v. Baker (13 Barb., 230), to sustain the claim made by the Canal Bank of Lockport, that the suspended right of action upon the original consideration for which Battle' took the drafts passed to the bank by the simple transfer to it of the drafts. The decision in that case is erroneous, except so far as it is based upon the actual assignment of the original consideration to the plaintiff, and such error was the result of a misapplication of the rule that a purchaser of a debt is entitled to all the additional securities for it, though not expressly named in the transfer. Neither in that ease, by the transfer of the notes, noy in the one under consideration by the transfer of the drafts, was the debt transferred for which the notes and drafts were received. The notes and drafts only were transferred; any securities held for their payment may have passed in equity. The contract between Battle and the bank was fully and wholly expressed in the drafts, and his indorsement of them, and the rights and liabilities of the parties to that contract arose upon the drafts thus indorsed as parties to commercial paper, and not otherwise. It has been held in equity that *400 the lien of a vendor upon lands sold for the unpaid purchase money does not pass by his transfer of the notes of the vendee, received in part payment for such purchase, money. In White v. Williams (1 Paige, 502), where such a claim -was made by a party to whom the notes of the.vendee had been transferred by the vendor, the Chancellor said: “ At the time the complainant bought the note of the vendor the latter unquestionably had such a lien, but. it is not pretended there.was any agreement that it should be transferred-to .the, complainant. If Kingsbury (the vendor) could be considered as, still retaining such lien, after the transfer of the note, it must be on account of his liability as indorser. In a recent case, where the vendor had. negotiated the note, but was.obliged to take it up when it fell due, Lord Eldon sustained the claim of .the original vendor to. a. lien. on. the.land. (Ex parte Loring, 2, Rose’s Cas., 79.) But I am not aware of any case where the assignee of the note or other security has been permitted to sustain such a claim on an implied agreement to assign the lien.” It, must be conceded, however, that upon this subject the authorities in different States are in conflict. In Kentucky, Indiana and Alabama, it is .held that the vendor’s lien passes by the transfer of notes given for the purchase money : while in Georgia, Ohio, Tennessee, Mississippi and Maryland, the contrary rule prevails, and in the latter State it has been held that the lien is not assignable. (1 Leading Cases in Equity; Ware & Wallace’s Notes, 367.) The editors say. the weight of authority is decidedly against the lien accompanying a transfer of the debt.
But Battle’s right of action against all the purchasers, of his interest in the copartnership property, after the maturity of the drafts, cannot be regarded as a collateral security for the payment of the drafts. At most, it can only be considered as collateral security for the payment of the original debt, for the unpaid purchase money. Conceding that this right of action was assignable, and doubtless it was assignable, it did not pass by the transfer of the drafts, and not being otherwise assigned, the Canal Bank of Lockport was not-the owner *401 of the right of action, or cause of action, in this case, and Battle’s release was a perfect bar to the action by the bank in his name. For these reasons the judgment should be affirmed.
Wright, J.
It is- not claimed that Battle assumed to transfer to the Canal Bank of'Lockport, the real plaintiff, any other rights than pertained to the- bills. He owed the bank, and the latter took the drafts in payment of his debts, by simple indorsement and delivery. The question, therefore, is, did this indorsement and delivery transfer to the holder a claim founded upon the original consideration of the bills of exchange, and give the bank a right of action against parties who, though members of the copartnership doing business under the name of the Troy & Erie line, were not parties to the bills ?
It- is true that if Battle had held the drafts when they matured, he might have surrendered them up on the trial, and recovered, under the common counts, the purchase money for his interest in the copartnership, as the fact is found that they were received by him without any express agreement to take the same in payment. But as regards the original consideration of the bills, there is no privity of contract between the bank and the defendants. As indorser of the bills, it acquired Battle’s right to enforce as against the drawers and acceptors, the contracts they had made, and nothing more. It is urged that the right to recover upon the original consideration, passed with the drafts as an incident thereto. I think not. A right of action upon the original consideration 'of commercial paper cannot be said to grow out of such paper, or to pass to each holder. In Cole v. Scott (2 Wash., 141), it was held that the transfer of the vendee’s promissory note received by the vendor of real estate, for the purchase money, will not draw after it a lien on the land, for its payment, in favor of the holder.
I think, therefore, that the referee was right in his conclusion, that the transfer of the drafts to the bank was not an equitable assignment to it of the nominal plaintiff’s right of action against the defendants, for the unpaid purchase money contingent upon *402 the non-payment of the drafts, and the surrender thereof by him. The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.