# PRACTICE REPORTS.

## SUPREME COURT.

### JULIA A. WYMAN, respondent agt. WM. H. SMEAD and others, appellants.

It is a familiar and well settled rule of law that the assignment of the principal instrument carries with it all *collaterals* as incidents, *though not named.*

And where a mortgage is assigned and taken as collateral security to a contract to convey real estate, and the contract is assigned, the mortgage in fact belongs to the assignee of the contract, though not named in the assignment.

Where such mortgage is assigned to subsequent assignees, neither the first nor last assignee can maintain an action to foreclose the mortgage where there has been no breach of the contract. The subsequent assignee of the mortgage, though a purchaser *bona fide*, and for a valuable consideration, stands in no better position than the first, although the assignments are absolute on their face, and express a full consideration.

The assignee of a mortgage must ascertain at his peril as to any defenses that may exist against the mortgage, or he must rely upon the covenants of his vendor.

*Albany General Term, December,* 1863.

*Before* HOGEBOOM, PECKHAM *and* MILLER, *Justices.*

THIS is an appeal from a judgment entered on the decision of a justice of this court at the Albany circuit, held in March, 1863. The action was for the foreclosure of a mortgage by the plaintiff as assignee. It appeared by the evidence that this mortgage had been taken by John D. Livingston as collateral security for the fulfillment of a contract by defendants Smead and Alexander, for the purchase of some real estate. It also appeared that there had been no breach in the contract up to the time of the commencement of this action ; that Livingston had assigned all his interest in the contract before the commencement of this action to Gidney, a defendant herein. The justice held that the plaintiff was entitled on these facts to a judgment of foreclosure,

and a decree was entered accordingly. From that judgment the defendants appeal.

H. SMITH, *for plaintiff and respondent.*
J. E. VAN ETTEN, *for defendants and appellants.*

*By the court,* PECKHAM, J. The plaintiff claims to be an assignee or purchaser in good faith, without notice of any of the equities between the original parties. I have great doubt whether the evidence establishes that position. Livingston assigned to one Dorman first, Dorman to Fryer, and Fryer to the plaintiff. Each assignment purporting to be for the consideration of one thousand dollars, the face of the mortgage. There was a covenant in each that that amount was due. There was no proof other than the assignment, that anything was ever paid or advanced on the mortgage by either assignee.

But in the view I take of the case, it is not important whether the evidence establishes such advance. Assuming that it did, and that the plaintiff is thus made a bona fide purchaser of the mortgage; that is, that she had advanced the money upon it, not merely taken a formal assignment; an assignment sufficient on its face to establish a sale, and a sufficient consideration for a sale, as a security or contingent payment of an old debt, not necessarily the advance of the money or its equivalent, and the burden of making that proof rests on the party claiming its benefit, still I think the plaintiff cannot maintain this action.

The cases of *Platt* agt. *Adams* (7 *Paige*, 615), and *Nelson* agt. *Corning* (6 *Hill*, 336), have no application to this case. They apply solely to the holder of negotiable paper; the rules as to such paper, from principles of public policy, are peculiar. Such principles have no application to a mortgage. But assuming the plaintiff to be a bona fide purchaser, so far as that term may apply to the assignee of a mortgage, I do not think she can maintain this action. The action could not be maintained, it seems to be conceded by Livingston, the primary holder. (He is virtually the first holder under

the proof. The mortgage was executed originally to another, but taken up and assigned to Livingston, though as assignee.) The contract for the security of which the mortgage had been given to him, was entirely fulfilled on the part of the mortgagors; at least there was no breach on their part, and the assignee of a mortgage occupies no better position than the mortgagee, or than an assignee of the mortgagee. The case of *Bush* agt. *Lathrop* (22 *N. Y. R.* 535), I think is directly in point. I think it entirely meets this case. The assignee of a mortgage must ascertain at his peril as to any defenses that may exist against the mortgage, or he must rely upon the covenant of his vendor. This mortgage in fact belongs to Gidney, the assignee of the contract from Livingston. It is a familiar rule of law that the assignment of the principal carries with it all collaterals as incidents though not named. The following are some of the very numerous cases on this subject: *Langdon* agt. *Buel*, (9 *Wend.* 80;) *Jackson* agt. *Blodgett* (5 *Cow.* 202); *Parmalee* agt. *Dann* (23 *Barb.* 461); *Pattison* agt. *Hall* (9 *Cow.* 747).

It is not claimed in the points for the plaintiff, nor on the argument at the bar, that Livingston could have maintained this action on the facts disclosed. It is stated in the points that "there is nothing in this case to show but what under Livingston's agreement, or otherwise, he had become the absolute owner of the mortgage." The evidence is directly the reverse of this proposition. No other agreement or arrangement is shown than the one before stated. If Livingston could not maintain an action, no assignee of his could obtain any better right.

The judgment should be reversed, and a new trial ordered.