# New York Marine Court.

*Trial Term—January*, 1881.

## EDWIN R. GOODRICH *against* PETER BOWE, Sheriff, &c.

Where an owner of personal property executes a chattel mortgage thereon, with the condition that he is to remain in possession thereof until default in payment of the amount secured thereby, he has a leviable interest therein.

In such case it is the sheriff's duty, under an execution against the mortgagor, to levy on the property, sell in view thereof the right, title and interest of the mortgagor therein, and deliver the property to the purchaser.

The sheriff has no right in such case to demand a bond of indemnity.

If the sheriff impanels a jury to try a claim made by the mortgagee under the mortgage, they have no jurisdiction to try any other

claim. Their verdict, finding the title to the property to be in the mortgagee, is not conclusive, but the creditor in an action for false return may show that the verdict was broader than the claim.

Assignment of a judgment carries the right of action for a false return.

This was an action against the sheriff for a false return. Plaintiff proved a judgment for $162 in March, 1880, against one Schilberg, assignment to himself, execution to defendant, possession by Schilberg of a drug store, the property in which was worth about $1,000, the use of which for a year $300. Defendant proved a chattel mortgage made by Schilberg to one Welker in March, 1880, to secure $600, payable September 1, 1881, the mortgagor to have possession of the property till then ; claim by Welker under said mortgage, a verdict of sheriff's jury finding title to the property in Welker, a refusal by the creditor to give a bond of indemnity. It appeared that the plaintiff's attorney had informed the sheriff of the decisions holding that a mortgagor in possession has a leviable interest, had instructed him to sell Schilberg's interest, and notified him he would be held responsible for a failure so to do. But the sheriff claimed that he was entitled by the custom of his office, in existence for thirty years, to a bond in the sum of $1,000. Thereupon he released the levy and returned the execution unsatisfied. Whereupon this action was brought for a false return.

The court charged the jury that the sheriff should have sold the right, title and interest of Schilberg in the property ; that it having appeared upon the testimony of the mortgagee himself, that the mortgagor had his permission to carry on the business and sell the stock in the course of trade for his (the mortgagor's) own benefit, this was a substantial right which would have passed under the sheriff's sale ; that the only question for the jury was to assess the value of the

mortgagor's interest for the time the mortgage had to run.

The jury rendered a verdict in plaintiff's favor for the full amount of the execution.

Defendant's counsel moved for a new trial on the minutes.

*Messrs. Knox & McLean*, for defendant.

*John Brooks Leavitt*, for plaintiff.

McADAM, J.—My conclusions upon the legal propositions involved are as follows :

1. That the assignment to the plaintiff carried with it the cause of action for which the suit is brought (Bowdoin v. Colman, 6 *Duer*, 182 ; Gallardi v. Orser, 4 *Bos.* 107 ; Thomas v. Hubbell, 35 *N. Y.* 120 ; Wehle v. Spellman, 75 *Id.* 585 ; Parmlee v. Dann, 23 *Barb.* 461).

2. That the mortgage having eighteen months to run before the title of the mortgagee became absolute, the mortgagor had a leviable interest in the mortgaged property, which the sheriff ought to have sold to satisfy the execution in his hands (Hull v. Carnley, 11 *N. Y.* 501).

3. That the sheriff had no right to demand an indemnity before selling such interest.

4. That the offer to sell such right, title and interest at the vestibule of the City Hall is no answer to the present action. He should have sold on the premises. At all events, the presence of the goods at the sale was indispensably necessary (3 *R. S.* 6 ed. 629, § 41 ; *Crocker on Sheriffs*, 2 ed. § 495, and cases cited ; Stief v. Hart, 1 *N. Y.* 20).

5. That the alleged "claim of title" by the mortgagee, being founded exclusively on the mortgage, which on its face showed that the mortgagor had a

Goodrich v. Bowe.

leviable interest in the property, gave the sheriff no jurisdiction to try such question by a jury, and that the finding by the sheriff's jury of "title in the claimant" did not under such circumstances warrant the sheriff in demanding a bond of indemnity, as a condition of selling the conceded interest of the mortgagor apparent on the face of the mortgage. The finding by the sheriff's jury could not be broader than the claim itself, and this, as before remarked, upon its face, admitted a leviable interest in the mortgagor, which the sheriff was, as a matter of plain duty, bound to sell. He would have incurred no risk in so doing, and for his failure or neglect to sell he is liable for the damages which the creditor suffered in consequence.

6. The jury assessed the mortgagor's usable interest at $162, the amount of the judgment. The evidence amply supports the value as found.

7. The mortgagee testified upon the trial that the mortgagor had his permission to carry on the business and sell off the stock, as the exigencies of trade required, and for his own benefit. Without discussing the legal effect (as to judgment creditors) of such an arrangement between mortgagor and mortgagee, it is apparent that such a privilege for eighteen months is one of substantial value. I have failed to discover that any injustice was done by the verdict, or that there was error in any of the rulings.

Motion for a new trial denied.