JOHN A. MERRITT, RESPONDENT, v. HORACE BAR-
THOLICK, APPELLANT.

*Mortgage—Delivery as Collateral—Effect on Assigned Bond.*

The mere delivery of a mortgage, given to secure the payment of a bond, by
the mortgagee to a creditor as collateral security for a debt owing by the
mortgagee, does not pass any interest to the mortgage, as against one holding
by assignment the bond secured thereby.

PARKER J.—If the delivery of the mortgage without the bond,
to Wentworth as collateral security for the debt such delivery was
intended to secure, operated as a valid assignment of the mort-
gage to Wentworth, the judgment below is wrong and cannot be
sustained.

On the other hand, if it conveyed no interest in the mortgage
to Wentworth, then the Defendant who claims his title through
Wentworth's foreclosure of that mortgage, has no defence to the
Plaintiff's action to foreclose, and no interest in respect to it which
under the facts found by the referee can avail him upon this appeal.

The single question for consideration then is, did the delivery
of the mortgage by Merritt, the mortgagee, to Wentworth, under
the circumstances stated in the referee's report, operate to invest
Wentworth with any interest in the mortgage?

The referee finds that, "On the 16th of July, 1853, or shortly
thereafter, the bond and mortgage were assigned by the obligee
and mortgagee therein named, to John Campbell, by assignment
in writing, which was duly acknowledged and recorded on the 16th
day of May, 1853. That prior to the assignment of said bond
and mortgage to said Campbell, the mortgage was indebted to
Henry T. Wentworth in the sum of $200, borrowed money; that
Wentworth desired that said mortgage should be left with him as
collateral security for said debt, and that the said Merritt delivered
the said mortgage to said Wentworth according to such request, and
as collateral security for said debt of $200; that the said mortgage
was so delivered to said Wentworth before the same was assigned
to said Campbell, but that the bond accompanying the same was

not delivered to the said Wentworth at the time, nor was anything said about the same, nor is there any evidence that the same was ever delivered to said Wentworth, nor was there any writing executed in reference to such transfer."

As a mortgage is but an incident to the debt which it is intended to secure (Martin *v.* Mowlin, 2 Burr, 969; Green *v.* Hart, 1 John. R. 580; Jackson *v.* Blodgett, 5 Cow. 202; Jackson *v.* Bronson, 19 John. R. 325; Wilson *v.* Troop, 2 Cow. 231; Cooper *v.* King, 17 Abb. 342), the logical conclusion is, that a transfer of the mortgage without the debt is a nullity, and no interest is assigned by it. The security cannot be separated from the debt and exist independently of it. This is the necessary legal conclusion, and recognized as the rule by a long course of judicial decisions. (See cases above cited; also 4 John. R. 41, 5 John. Ch. R. 570; 9 Wend. 80.)

Unless, then, the bond was in effect assigned with the mortgage, Wentworth obtained no interest in the mortgage. Did the bond, or the debt which it evidenced, pass to Wentworth? In the first place, the transfer of the mortgage did not of itself operate to transfer the bond, for the legal maxim is, *the incident shall pass by the grant of the principal, but not the principal by the grant of the incident.* So that unless we are authorized to say that such was the intent of the parties, we cannot hold that it did. This is a question of fact, which the counsel for the Appellant argues in his points; but unless the referee has found it as a fact, or found facts from which we are bound to infer its existence, it is a question not in the province of this Court to determine.

The act done by Merritt, the mortgagee, was the delivery of the mortgage to Wentworth, and the purpose of the delivery was to secure the payment of the debt of the mortgagee to Wentworth. Does it necessarily follow that the intention of the parties was to transfer the bond? The referee has not found either way upon this question of intent, and therefore, unless the intent in question is to be inferred as a matter of legal necessity from what he does find, it must now be held not to have existed.

If the transfer had been by a written assignment, describing

the mortgage alone, and expressing the object to be to secure the debt of the assignor to the assignee, nothing being said about the bond or the debt which it represents, and delivery of the mortgage made, it would be impossible, I think, to hold that the intention was to assign the bond. There would be no opportunity for an implication to that effect. The circumstance that the assignment would be inoperative unless the bond be held to pass, would not give the assignment that effect: The result of such holding would be to reverse the maxim, and make the principal follow the incident. To make the circumstance of its inefficacy a reason for giving it the effect desired, would manifestly uproot the maxim, and establish the contrary rule.

The fact that here the transfer was by manual delivery merely, nothing being said as to the bond or the indebtedness secured by it, does not afford any stronger evidence of the intent to transfer the bond than the case supposed; there is no circumstance in the case not considered in the supposed case; and, as I think, nothing to compel the inference of the intent to transfer the bond. I am unable to see, therefore, any escape from the conclusion that, upon this appeal, the judgment of the Supreme Court must be held correct, and affirmed.

Concurring, Porter, Bockes, Davies, and Scrugham.

Hunt and Grover for reversal.

Affirmed.