(20 Misc. Rep. 383.)

### KLOCK v. STEVENS et al.

(Supreme Court, Trial Term, Madison County. May 21, 1897.)

1. BEQUEST OF MORTGAGE—EFFECT AS TO DEBT SECURED.
   The rule as to the effect of the transfer of a mortgage when the transferror retains the bond secured does not apply to a bequest of a mortgage, where both the mortgage and the bond secured by it remained in the possession of testator until his death.

2. WILLS—BEQUEST OF MORTGAGE—EFFECT AS TO DEBT SECURED.
   Testator bequeathed to his daughter a mortgage on land which he had conveyed to her, but he did not mention the bond secured thereby. The bond and mortgage were given by the daughter's husband. Testator afterwards purchased the mortgaged land, and took an assignment of the bond and mortgage. Held, that testator intended to include the bond in the bequest of the mortgage.

3. SAME—INTENT OF TESTATOR—EXTRINSIC EVIDENCE.
   Extrinsic evidence is admissible to prove testator's intent, where it is offered to render a bequest effectual, and not to defeat any provision of the will.

4. SAME—RES GESTÆ—TESTIMONY OF SCRIVENER.
   Where a bequest is susceptible of more than one interpretation, the testimony of the scrivener as to testator's understanding is competent as part of the res gestæ.

Action by Theron Klock, as executor of the will of Solomon Klock, deceased, against Gideon G. Stevens, impleaded with others. Complaint dismissed.

Clarence Carskadden, for plaintiff.

George B. Russell (Henry B. Coman and T. A. Devereaux, of counsel), for defendants.

FORBES, J. This is an action brought to recover a balance alleged to be due upon a certain bond which was executed with a mortgage as security. The testator died on the 6th day of June, 1894, at his residence in this county. The defendant Ianthe A. Stevens is the daughter of said testator. The defendant Gideon G. Stevens is the husband of said Ianthe A. The will bears date September 14, 1887, and was admitted to probate by a decree of the surrogate's court of Madison county on the 26th day of July, 1894. The plaintiff and the said Ianthe A. Stevens were appointed the executor and executrix of said will. On the 30th day of March, 1883, the defendant Gideon G. Stevens executed and delivered to one Caroline S. Hotaling his bond, with a mortgage conditioned for the payment of the sum of $4,000, with annual interest thereon, and installments to be paid in the sum of $500 annually. The following condition appears in said mortgage: "This mortgage is intended as a security for the payment of a bond this day executed and delivered by said Gideon G. Stevens to the party of the first part." Prior to the making of said will, the testator, by an assignment in writing dated October 26, 1885, took the title to, and actual possession of, said bond and mortgage. The mortgage and the assignment are both of record in the county of Madison. Prior to the execution of said will the said Ianthe A. Stevens became the owner and went into possession of the whole of said premises covered by said mortgage, and was so in possession

at the time of the making of said will, and is now in possession of the same, under a deed from the testator, her father; said deed bearing date the 24th day of October, 1884. Payments were made upon said bond and mortgage at various times, reducing the same to the sum of $2,000 at the time when the assignment was made to the testator. The controversy in this action arises over the construction to be given to a clause in said will which reads as follows:

"Fourth. I give and bequeath unto my daughter, Ianthe A. Stevens, a mortgage which I hold on her farm, called the 'Hotaling Mortgage,' of $2,000.00; also, a mortgage and bond which I hold against her for $800.00; and also a note which I hold against her for $500.00."

No question is raised about that portion of the bequest which involves the second bond and mortgage, and the note of $500. This controversy arises solely upon the construction to be given to that portion of said bequest which conveys to said defendant the Hotaling mortgage of $2,000. The defendants allege that the bequest carries with it the bond, which is retained by the plaintiff as executor; the mortgage having heretofore been delivered to the said Ianthe A. Stevens in pursuance of the direction and order of the surrogate of the county of Madison, and over which mortgage security there seems to be no contest, the same having been discharged of record. The plaintiff asserts that it was the intention of the testator to separate the principal debt, the bond, from the mortgage, the security belonging thereto and executed with said bond; and he alleges that the separation of these two instruments was made by the testator, in his will, for the purpose of removing a cloud from the title of the daughter's real estate covered by said security. He also alleged that it was the intention of the testator to collect the balance due upon the said bond from the other defendant, who is the husband of the testator's daughter. If this position can be maintained by the plaintiff, it must be upon the theory that the will does not make this bequest, and that no extrinsic evidence of facts or circumstances can be used for the purpose of interpreting the clause referred to. The law of this state is undoubtedly well settled that no extrinsic fact or circumstance can be used to defeat the intention of the testator, as shown by the instrument itself, where there is no ambiguity. Phillips v. McCombs, 53 N. Y. 494; Reynolds v. Robinson, 82 N. Y. 103; Williams v. Freeman, 83 N. Y. 561; Sheldon v. Sheldon, 133 N. Y. 1, 30 N. E. 730. It is also a well-settled principle of law that a will must be construed so as to carry into effect the intention of the testator, where that intention can be found by a natural interpretation of the will, if from the whole will, taken together, the bequest can be upheld. Chrystie v. Phyfe, 19 N. Y. 345; Du Bois v. Ray, 35 N. Y. 162. A failure to use appropriate technical language, or a misapplication of legal terms, will not defeat an intention clearly manifested and sufficiently disclosed by an examination of the whole will. Bliven v. Seymour, 88 N. Y. 469; Phillips v. Davies, 92 N. Y. 199. If the language is uncertain or ambiguous, then such an interpretation must be given as will broaden, rather than narrow, the construction, to prevent intestacy. Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133; In re Miner's Will, 146 N. Y. 121, 40 N. E. 788; In re

Kimberly's Estate, 150 N. Y. 90, 44 N. E. 945. In performing the office of construction, so that the apparent intention of the testator may not be rendered abortive by his inapt use of language, the court may reject words and limitations, supply them, or transpose them, to get at the correct meaning. Phillips v. Davies, 92 N. Y. 199; In re Miner's Will, 146 N. Y. 121, 40 N. E. 788. In the case at bar the testator retained possession of both the bond and the mortgage down to the time of his death. Therefore the rule invoked, "that where the mortgage is transferred, and the ownership and possession of the bond is retained by the transferror," does not apply. Merritt v. Bartholick, 36 N. Y. 44. Under the case last cited there could be no foreclosure of the mortgage by action, for the reason that the bond is the principal debt, and without the production of the bond upon the trial the action cannot be maintained. Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855; Anderson v. Culver, 127 N. Y. 377, 28 N. E. 32. If the position taken by the plaintiff can be sustained,— and that position must be held to be the proper interpretation of the first clause of the fourth subdivision of said will,—then the bequest is absolutely void; the daughter takes nothing under this provision. She has taken the legal title to the property covered by the security, and she has become, in equity at least, the principal debtor upon the bond and mortgage. We here have the anomaly of releasing the security, and then by this provision, in effect, fastening the debt upon the property released, and enforcing the payment of the debt out of the same premises which were released from the mortgage, and which was intended to be bequeathed. Can this be said to have been the intention of the testator, from the provisions of the will itself? I think not. The well-known interpretation is, rather, that it will be presumed that the testator intended to make a legal disposition of his estate, rather than a void and illegal one. Du Bois v. Ray, 35 N. Y. 162; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11; Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4. In the case at bar, is it not more in harmony with the rules of interpretation in such cases to hold that a bequest of the security was intended to be a gift of the debt, handing over to the legatee the security, and, as incident, whatever would make the gift valid and of some lasting benefit to the legatee, within the cases of Craig v. Parkis, 40 N. Y. 181; Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379? It is hardly probable that the testator intended that the debt should reside in one person and the pledge in another. Aymar v. Bill, 5 Johns. Ch. 570; Jackson v. Willard, 4 Johns. 41. This interpretation follows the principle in the case of Merritt v. Bartholick, supra, and Foster v. Van Reed, 70 N. Y. 20. Since the testator took a deed of said premises from the defendant Gideon G. Stevens on the 23d day of October, 1884, and then deeded the same to his daughter the next day, from these circumstances the bequest of the mortgage under this will, it seems to me, was intended as an extinguishment of the debt, to the extent and operation of a liquidation of the bond accompanying the mortgage, upon the theory that, where there has been a payment of the security, there can be no enforcement of the principal debt. The legal title to the mortgaged premises remained in the mortgagor; in this case, the tes-

tator's grantee. Trimm v. Marsh, 54 N. Y. 599; Sexton v. Breese, 135 N. Y. 387, 32 N. E. 133. The interpretation already given of that clause in the will which is the subject under examination is made entirely plain by the extrinsic facts and evidence given on the trial, and all of this testimony is in harmony with the evident intention of the testator. It makes valid the bequest, and is competent. It is not admitted to overthrow the will, but was offered to sustain it, is in harmony with its provisions, and shows clearly the intention of the testator. This evidence does not fall within the provisions of the cases to the contrary cited by the plaintiff's attorney. In re Lee, 141 N. Y. 58, 63, 35 N. E. 936. The evidence of Mr. Ferry, who drafted the will, makes it entirely certain that the testator took that view at the time the will was drawn, namely, that the gift of the mortgage would be a satisfaction of the debt. This is extrinsic evidence, but is a part of the res gestæ, and is competent, within the rule laid down by many authorities, and is, indeed, an elementary principle. 2 Whart. Ev. § 992; Mowatt v. Carow, 7 Paige, 328; Trustees v. Colgrove, 4 Hun, 362, and authorities there cited; Nelson v. McDonald, 61 Hun, 406, 16 N. Y. Supp. 273; Butler v. Railway Co., 143 N. Y. 417, 38 N. E. 454; Best, Ev. 663; Waldele v. Railroad Co., 95 N. Y. 274. The other evidence of the declarations of the testator is not in conflict with the provisions of the will which show that the bequest of the mortgage was designed as a liquidation of the debt. This evidence stands undisputed, and, as I think, is in harmony with the intention of the testator, within the cases of Caufield v. Davenport, 75 Hun, 541, 27 N. Y. Supp. 494, and Merritt v. Bartholick, supra.

If I am correct in the positions taken, the complaint must therefore be dismissed, with costs, to be paid by the plaintiff, as executor, but out of the testator's estate.