In the Matter of the Will of JESSE MORRISON, Deceased.
ROSCOE MORRISON, Appellant; FRED J. MORRISON et al., Respondents.

Third Department, January 9, 1946.

*Floyd Brownell,* attorney (*John A. Slade* of counsel), for appellant.

*T. Cuthell Calderwood,* attorney for Fred J. Morrison, respondent.

*Nelson W. Dunham,* attorney for Alta P. Morrison, respondent (not appearing).

FOSTER, J. On this appeal we are called upon to review a decree of the Surrogate's Court of Fulton County construing certain provisions of the last will and testament of Jesse Morrison, deceased. The clause, containing the language in controversy, reads as follows: " Second: I hereby give and bequeath to my son, Fred J. Morrison, the sum of One Hundred Dollars ($100.00) in money, and also a set of heavy scales now situated on premises this day conveyed by me to the said Fred J. Morrison by deed bearing even date herewith; also all of the right, title and interest held or owned by me at the time of my death in any and all motor trucks, office supplies, office furniture, fixtures and supplies."

The issue centers over the meaning to be attached to the word " supplies " as last used by the testator in the paragraph quoted. The decree, construing this language, holds that the testator intended to bequeath all of his undivided right, title and interest in and to the assets of a copartnership known as Jesse Morrison & Sons.

The testator and his two sons, Fred J. Morrison and Roscoe Morrison, were copartners on and after January 1, 1943, and operated a general farm supply business under the firm name of Jesse Morrison & Sons. The proof indicates that the testator owned a one-half interest in the said business, and the two sons equal shares in the other half. Apparently the Surrogate based his enlarged construction of the word "supplies" largely upon two propositions: That the testator wished to prefer his son, Fred J. Morrison, because of the latter's longer association with the business, and the alleged lesser contribution of the other son; and that the testator must have intended to devise his complete interest in the business because he had no trucks,

office supplies, office furniture, fixtures and supplies except those belonging to the partnership.

We are unable to agree with this construction. It is conceded that the will was drawn by a competent attorney, and it must be assumed that the testator had a clear purpose in mind when the will was drawn. If he had intended to leave all of his interest in the assets of the business to his son, Fred J., he would naturally have said so in direct and appropriate language to that effect. The attorney who drafted the will was called as a witness, and he testified that in the course of instructions given to him for the purpose of drafting the will testator declared in substance that he wanted Fred to have "his personal interest in any trucks or office furniture and the supplies of the office." This testimony was declared inadmissible and stricken out on the ground that it was an attempt to vary the accepted meaning of the words employed in the will. We think this ruling was erroneous.

Where the language of a will is clear and free from any ambiguity extrinsic evidence of the testator's intention is not admissible. But such is not the case here. The language used admits of two constructions, one of which would limit the supplies mentioned to office supplies, and the other of which would enlarge the term to include much more. From the language alone the intent of the testator is not clear, and hence it was perfectly proper to resort to extrinsic proof, and in this connection the testimony of the scrivener was admissible. (*Klock* v. *Stevens,* 20 Misc. 383; *Matter of Tinker,* 157 Misc. 200.) Nor was the witness incompetent to testify. (*Matter of Coughlin,* 171 App. Div. 662, affd. on opinion below 220 N. Y. 681; Civ. Prac. Act, § 354.)

Beyond this we are unable to find any justification in the record for construing the term " supplies " to embrace the entire interest of the testator in the assets of the business. This would include cash, accounts receivable, investments and other items never embraced in the term " supplies ", as that term is commonly understood. We find no indication of intent to extend the meaning of this word beyond office supplies.

The decree should be reversed, with costs to all parties filing briefs, and a new decree entered in conformity with this opinion.

All concur.

Decree reversed on the law and facts, with costs to all parties filing briefs payable out of the estate, and a new decree is directed to be entered in conformity with the opinion herein.