Anthony P. Savarese, S.
In this .accounting proceeding the Bankers Trust Company, as surviving trustee of the trusts created by the will of Alfred C. Searle, deceased, seeks a construction of paragraphs Fifth (a) and (b) of the said will as executed on July 15, 1942, and amended by a codicil dated March 18, 1947. The provisions in question are as follows: “ (a) I direct my Trustees to divide the same (residue) into two equal shares, and to hold one of said shares for the benefit of my wife, Elizabeth Searle, and to pay to her the net income therefrom, in equal quarterly payments, until her death; and to hold the other share for the benefit of my daughter, Grace Edwina Gleckner, and to pay to her the net.income therefrom, in equal quarterly payments, until her death. In the event that the net income from each trust fund shall not be sufficient to pay my said wife and daughter at least the sum of Six Hundred Dollars ($600) quarterly to each of them, I authorize and direct my Trustees to use such part of the principal of each trust as may be necessary to supplement the income thereof *921 in order to make quarterly payments of Six Hundred Dollars ($600) to each of my said beneficiaries.
“ (b) Upon the death of my said wife, Elizabeth Seable, I direct my Trustees to hold the share of the trust then held for her benefit, for the benefit of my said daughter, Grace Edwiha Gleckner, and to pay over to her the net income therefrom and make such payments from principal as may be necessary, in the same manner and subject to the same terms as hereinbefore set forth in connection with the trust established for her benefit in subparagraph (a) hereof, until her death; excepting that if the combined net income from both trusts funds shall be insufficient to pay my said daughter at least the sum of Six Hundred Dollars ($600) quarterly, I then authorize and direct my Trustees to use such part of the principal of either trust fund as may be necessary to supplement the combined income from both trusts in order to make quarterly payments of Six Hundred ($600) to my said daughter. In the event that payments from principal shall become necessary for such purpose, I authorize and direct my Trustee to make said payments from the principal of the trust originally established for the benefit of my said wife under subparagraph (a) hereof, and to make payments from the principal of the trust originally established for the benefit of my said daughter under subparagraph (a) hereof only if and when the said trust fund so originally established for the benefit of my said wife shall have become exhausted by reason of said payments.”
The decedent died on August 17, 1950, leaving surviving him both of the beneficiaries of the trusts created by his will. The trustees made quarterly payments to testator’s wife and daughter in accordance with the provisions of subparagraph (a) above until the death of the widow, Elizabeth Searle, on February 28, 1956, which calls into operation the directions of subparagraph (b) of paragraph Fifth.
The court finds no ambiguity on the face of the provisions in question, as amended. Confusion as to testator’s intention arises only upon consideration of the original version of sub-paragraph (a). The codicil of March 18, .1947, affected decedent’s will only in that the minimum quarterly payment to each of the beneficiaries under subparagraph (a) was changed from the sum of $300 to the sum of $600. No change of any kind was made in subparagraph (b). There is no indication that testator intended to alter any other provisions of the will, or justification for the contention of the surviving daughter that the testator, when changing the minimum payments under the trusts of subparagraph (a) from $300 to $600, mistakenly *922 neglected to change the minimum payment under the combined trust created by subparagraph (b) from $600 to $1,200. Moreover, the will as amended being clear, extrinsic evidence as to the testator’s intention need not and should not be admitted. (Dwight v. Fancher, 245 N. Y. 71; Matter of Morrison, 270 App. Div. 318, 320; Matter of Hogan, 138 N. Y. S. 2d 864.)
Under subparagraph (a) of the will as amended, testator’s daughter was designated life beneficiary of a trust under which she became entitled to quarterly payments, from principal and income, of a minimum of $600. Subparagraph (b) provides that, upon the death of her mother, the fund held for said mother should be thereafter held for the benefit of Mrs. Grleckner and that payments be made “ in the same manner and subject to the same terms as hereinbefore set forth in connection with the trust established for her benefit in subparagraph (a) hereof.” Thus, clearly, Mrs. Grleckner becomes the beneficiary of two separate and identical trusts, each of which assures to her a minimum quarterly payment of $600. As beneficiary of both trusts, she is thus entitled to payments of $1,200 quarterly. There need be no difficulty with the interpretation of the additional provisions of subparagraph (b) directing a minimum payment of only $600 per quarter. These provisions come into operation only in the event that the combined income from both trusts shall be less than $600. Until such event happens they have no bearing on the determination of the sums due to Mrs. Gleckner. The quarterly payments payable, while the combined income from- both trusts is not less than $600 per quarter, are- controlled by the provisions of subparagraph (a) and the first portion of subparagraph (b) and should therefore be in the sum of $1,200 quarterly. Submit decree on notice construing the will and settling the account accordingly.