■ In the Matter of the Construction of the Will of DOMINIC A. BRACALELLO, Deceased. ANN BRIANTE et al., Appellants; COUNTY TRUST COMPANY, as Coexecutor of DOMINIC A. BRACALELLO, Deceased, et al., Respondents.— In a proceeding to construe a will, the six legatees named in paragraph "Third" thereof appeal from so much of a decree of the Surrogate's Court, Westchester County, as provides that shares of stock in three family corporations do not pass under such paragraph. That paragraph of the will, which was executed on August 4, 1956, provides that appellants shall receive any stock owned by the testator at the time of his death in the three corporations "which I have a right to convey". On August 10, 1956 the testator and the three corporations entered into an agreement in which it was provided that upon his death the corporations would each respectively purchase his shares of stock upon stated terms and conditions and that payment therefor was to be made to his estate or to such persons as his executors might direct. The agreement also provided that the testator during his lifetime might not transfer such shares without first offering them to the corporations. Decree reversed, with costs to all parties filing separate briefs, payable out of the estate, and proceeding remitted to the Surrogate's Court to take proof as to the intention of the testator as to the scope of paragraph "Third". In our opinion, these two instruments might properly be construed as "practically simultaneous" (*Cooke* v. *Cooke*, 2 A D 2d 128, 135). The intent of the testator is the dominant factor to be developed in connection with the two instruments which on the present record may be said to manifest an ambiguity. The learned Surrogate should have resorted to the extrinsic proof tendered by the respondents' answers, but not taken, to establish, if possible, the testator's purpose in executing the two instruments and to receive in connection therewith the scrivener's testimony (cf. *Matter of Morrison*, 270 App. Div. 318). Particularly important was the testator's intent as to passing title to his stock, namely, whether it was to be as of the time of his death (cf. *Matter of Becher*, 204 Misc. 523, 530), or, as was found herein without proof, as of the time the agreement was executed (cf. *Matter of Galewitz*, 206 Misc. 218, affd. 285 App. Div. 947). While the intent of the testator would not necessarily be controlling on the conclusion of law as to whether an ademption took place by the execution of the agreement, a conclusion which prevails without regard to the intention of the testator, the hardship

of the case or the injustice of the result, the basic issue still survives for determination, namely, whether the stock which was the subject matter of paragraph "Third" was in the estate of the testator at the time of his death (cf. *Matter of Charles*, 3 A D 2d 119, 121, 122). Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [13 Misc 2d 71.]