In the Matter of the Accounting of the STATE BANK OF ALBANY, as Executor of ALBERT CAVANAGH, Deceased Executor of MARION P. CAVANAGH, Deceased, Appellant. PHYSICIANS HOSPITAL OF PLATTSBURGH et al., Respondents.

Third Department, August 1, 1961.

*Thomas A. Robinson* and *Harry P. Kehoe* for appellant.

*Harold A. Jerry* for Rector, Wardens and Vestrymen of Trinity Church, respondent.

*James A. Fitzpatrick* for Physicians Hospital of Plattsburgh and another, respondents.

*William J. Quinlan,* special guardian for Julie H. Cavanagh, an infant.

*Joseph W. Kelley,* special guardian for unknown heirs.

TAYLOR, J.   This is an appeal by State Bank of Albany, as executor and trustee under the last will and testament of a husband and as administrator with the will annexed of the estate of his predeceased wife, from parts of a decree of the Surrogate's Court of the County of Clinton which construed certain provisions of her will.

By paragraph SECOND of her last will and testament dated November 26, 1955, duly probated on August 29, 1957, Marian Peck Cavanagh bequeathed her entire residuary estate, which consisted of personal property of the inventoried value of more than $79,000, to her husband, Albert, absolutely.   Paragraph THIRD thereof then provided: " In the event that my said beloved husband should predecease me, or as a result of accident or otherwise his death and my death should be simultaneous or so near together that he would be unable to enjoy for any appreciable length of time the estate which he would otherwise receive under this my Will, then and in either event " her net estate was given in trust, in equal parts, to a religious and two charitable corporations.   A subsequent paragraph of the will nominated her husband to be its sole executor.

The Surrogate determined that the deaths were " ' so near together ' that said Albert Cavanagh was ' unable to enjoy ' said estate ' for any appreciable length of time ' " and that " The residuary estate of Marian Peck Cavanagh, therefore, should pass " to the religious and charitable corporations.

Mrs. Cavanagh died on August 2, 1957 at the age of 69 years. Her husband, aged 80 years, died on May 21, 1958.   Clearly, the dominant purpose of the testatrix was to bequeath her residuary estate to her husband.   That the interval of his survivorship — 9 months and 19 days — constituted an appreciable length of

time cannot be doubted. Respondents do not seriously contend otherwise. Rather, they urge that he was unable to enjoy the estate of his wife for any period of time because there had been no formal transfer of its assets by him, as executor, to himself, as residuary legatee, prior to his death. They argue that in any event he could not have secured its benefits until the expiration of the seven-month period of administration and they regard the subsequent duration of his life reckoned from that point in time — 52 days — as an interval too short to be appreciable within the contemplation of the testatrix.

Upon payment of the debts and charges against the estate, which the proof shows not to have been significant and promptly to have been made, title to its remaining assets at once vested in Mr. Cavanagh as residuary legatee under the will of his wife without any formal transfer from himself as executor. (*Matter of Mullon,* 145 N. Y. 98, 104; *Blood* v. *Kane,* 130 N. Y. 514, 518.) His right thus to possess, control and use her estate when and if he chose, which the record indicates he exercised in part, was the kind of enjoyment which his wife intended. (*Matter of Kirby,* 133 Misc. 152, affd. 228 App. Div. 640, affd. 254 N. Y. 624.) The conditions of time and circumstance prescribed by the testatrix to permit inheritance by the primary residuary legatee and to prevent divestment in favor of the religious and charitable corporations were met and he was entitled to take the residuary estate.

At the hearing before the Surrogate the respondents contended that paragraph THIRD of the will was ambiguous. The attorney who drafted the will was called as a witness by appellant and testified concerning instructions given him by the testatrix. His testimony was later stricken on motion of respondents. This ruling was erroneous. (*Matter of Morrison,* 270 App. Div. 318.) The Surrogate correctly struck the testimony of a physician which dealt with physical disabilities arising after the execution of the will. (*Morris* v. *Sickly,* 133 N. Y. 456.)

The decree should be reversed, on the law and the facts, and the will construed to bequeath the residuary estate to the husband of the testatrix, with costs to all parties filing briefs payable out of the estate.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decree reversed, on the law and the facts, and the will construed to bequeath the residuary estate to the husband of the testatrix, with costs to all parties filing briefs payable out of the estate. Settle order on notice.