■ In the Matter of the Estate of HATTIE WETSEL, Deceased. RONALD WETSEL et al., Appellants; MILDRED SOUTHARD, as Executrix of HATTIE WETSEL, Deceased, Respondent.—Levine, J. Appeal from a decree of the Surrogate's Court of Saratoga County (Simone, Jr., S.), entered July 7, 1988, which construed the last will and testament of decedent.

Hattie Wetsel (hereinafter the testatrix) died in July 1987. Her last will and testament, dated February 1, 1973, was offered for probate by respondent, Mildred Southard, the named executrix therein. The will contained the following residuary clause:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of every name, nature and kind * * * in which I may be interested, at the time of my death, *per capita and not per stirpes,* as follows:

"(1) Twenty (20%) percent to my sister, MILDRED SOUTHARD, Hudson Falls, New York;

"(2) Twenty (20%) percent to my sister, NELLIE WETSEL, Burnt Hills, New York;

"(3) Fifteen (15%) percent to my brother, EDGAR WETSEL, Burnt Hills, New York;

"(4) Fifteen (15%) percent to my brother, HAROLD WETSEL, Ballston Spa, New York;

"(5) Fifteen (15%) percent to my brother, EARL WETSEL, Ballston Spa, New York;

"(6) Seven and one-half (7½%) percent to my niece, MRS. CAROL SISSON, Scotia, New York;

"(7) Seven and one-half (7½%) percent to my nephew, HARRY PAUL WETSEL, Albany, New York." (Emphasis supplied.)

At the time of the testatrix's death, respondent, Carol Sisson and Harry Paul Wetsel were the only surviving residuary legatees. Petitioners are a niece and four nephews of the testatrix, children of Harold, Edgar and Earl Wetsel, who were brothers of the testatrix and are named residuary legatees in the will, as quoted above. The brothers predeceased the testatrix, leaving petitioners as their issue.

Petitioners commenced this proceeding in Surrogate's Court

seeking a construction of the residuary clause. Petitioners claimed that they are entitled to a per stirpital distribution of the shares their fathers would have received if they had survived the testatrix, pursuant to the State's anti-lapse statute (EPTL 3-3.3 [a]). According to this statute, unless the will provides otherwise, a testamentary disposition made to a brother or sister of the testator is to vest in the issue of the brother or sister in the event that the named beneficiary predeceases the testator (EPTL 3-3.3 [a]).

Surrogate's Court properly determined that an ambiguity existed in the use of the phrase "per capita and not per stirpes". Had the testatrix directed that her residuary estate be divided equally among the named legatees as a class gift, the phrase "per capita and not per stirpes" would have constituted an "otherwise" provision under the anti-lapse statute by clearly providing for a full disposition of the gift *(see, Matter of Leuer,* 84 Misc 2d 1087, 1089-1090). However, because the will provided that the named legatees were to take in unequal percentages, the meaning of the phrase "per capita and not per stirpes" was uncertain such that a construction proceeding and the admission of extrinsic evidence was necessary to determine the testatrix's intent *(see, Matter of Symonds,* 79 AD2d 24, 27). Accordingly, the attorney who drafted the will was properly called to testify about the testatrix's instructions to him in preparing the document *(see, Matter of Cavanaugh,* 14 AD2d 175, *affd* 13 NY2d 641; *Matter of Morrison,* 270 App Div 318; 39 NY Jur 2d, Decedents' Estates, § 752, at 264). Moreover, the draftsman's testimony, that the phrase in question was used to effectuate the testatrix's instructions that she wanted the survivors of the legatees to benefit by her will and not the children of the legatees who predecease her, was adequate to support the court's determination that the testatrix had intended a disposition other than as provided for in the anti-lapse statute.

Finally, we conclude that petitioners' reliance on *Matter of Goldberg* (36 AD2d 631, *affd* 29 NY2d 906), a case construing the same phrase at issue here, is unavailing. First, *Goldberg* recognizes that where an ambiguity exists in the language used in a will, Surrogate's Court may properly consider extrinsic evidence in construing the language to determine whether the anti-lapse statute applies. Second, the holding in *Goldberg* reflects the conclusion reached by the court as the fact finder. Surrogate's Court in the instant case was free to adopt a contrary construction of the language based on its own credibility determinations and evaluation of the evidence presented

at the hearing *(see generally,* 27 Carmody-Wait 2d, NY Prac § 162:19, at 602; 4 Page, Wills § 30.21, at 138 [rev ed]). Since we find no reason to disturb the court's determination, there must be an affirmance.

Decree affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.