■ In the Matter of the Estate of WILLIAM W. STIEFEL, Deceased. KIMBERLY MESSER, as Administrator of the Estate of WILLIAM W. STIEFEL, Deceased, Appellant; FREDERICK W. STIEFEL et al., Respondents. [807 NYS2d 159]—

Mugglin, J. Appeal from an order of the Surrogate's Court of Ulster County (Gruner, S.), entered October 7, 2004, which, inter alia, granted respondents' motions for partial summary judgment and seeking construction of a trust.

On October 17, 1996, Evelyn S. Dickerman (hereinafter the settlor) created the Evelyn S. Dickerman Revocable Living Trust. She named herself and her son, William W. Stiefel (hereinafter decedent), as cotrustees and conveyed title to her real property to the trust. At issue on this appeal is the proper construction of that portion of the trust document which concerns the real estate. Article VII (C) of the trust terms indicated that, if the property was not sold, decedent was entitled to keep 100% of the revenue generated therefrom provided he paid the costs of maintaining the property. Any decision to sell was his alone. The document then provides:

> "Upon the sale of the aforesaid property, the proceeds shall be distributed as follows:

| | |
|---|---|
| "WILLIAM W. STIEFEL | 75% 1/3 per stirpes, 2/3 per capita |
| "FRED[E]RICK W. STIEFEL | 15% per capita |
| "YVONNE SHERMAN | 10% per capita." |

It is undisputed that the settlor died on May 19, 1997 and decedent thereafter operated the property as a bed and breakfast which he called Evelyn's View (hereinafter the property). It is further undisputed that decedent, on December 29, 1997, deeded the property to himself, without the knowledge of respondents or his siblings, and without court authority or approval. It is further undisputed that decedent died intestate on November 27, 2002, leaving as his sole distributee, his daughter, petitioner, who was named administrator of his estate. Her attempted sale of the property was successfully blocked when respondents obtained a temporary injunction. Petitioner commenced this proceeding seeking, among other things, a declaration that the trust terminated on the death of decedent and fixing decedent's interest in the real estate at 75%. As a result of motions for summary judgment by respondents, Surrogate's Court ordered the property returned to the trust and construed the controlling trust provision as dividing decedent's 75% share in equal thirds to petitioner and respondents, resulting in an ultimate disposition of any proceeds from the sale of the property being divided 25% to the estate of decedent, 40% to respondent Frederick W. Stiefel and 35% to respondent Yvonne Sherman.

Petitioner appeals and first asserts that, since the trust document contains a patent ambiguity, as distinguished from a latent ambiguity, it was error for Surrogate's Court to receive the testimony of the attorney drafter concerning the settlor's intent. However, where the patent ambiguity is caused by the drafter's inappropriate or inaccurate use of the terms per capita and per stirpes, this Court has permitted testimony of the attorney drafter to clarify the decedent's intent (*see Matter of Wetsel*, 154 AD2d 802, 803 [1989]). In addition, we have not always differentiated between patent and latent ambiguities, preferring a rule which allows extrinsic evidence of a settlor's or testator's intent where the provisions of the relevant document are either inconsistent or create an ambiguity (*see Matter of Malasky*, 275 AD2d 500, 502 [2000]; *Matter of McCabe*, 269 AD2d 727, 729 [2000]).

Petitioner next contends that, pursuant to the merger doctrine which was still in effect upon the settlor's death, the trust merged into a life estate in favor of decedent, thereby terminating the trust. Petitioner further argues that decedent then acted within the scope of his authority in transferring title to the property to himself. This argument lacks merit. For the doctrine of merger to operate, decedent would have not only had to be the sole trustee and the sole lifetime income beneficiary, but the sole remainderperson (*see Matter of Pozarny*, 177 Misc 2d 752, 760-761 [1998]; *Matter of Seidman*, 88 Misc 2d 462, 468 [1976], *mod* 58 AD2d 72 [1977]). The remainder interests in the trust remain intact (*see Matter of Pozarny, supra* at 760-761; *Matter of Seidman, supra* at 468). Therefore, Surrogate's Court properly ordered the property reconveyed to the trust.

Finally, we conclude that Surrogate's Court adopted the correct construction of the trust provision at issue. It is well settled that the essential purpose of a trust construction is to determine and give proper effect to the settlor's actual wishes and intent (*see Matter of Carmer*, 71 NY2d 781, 785 [1988]; *Matter of McCabe, supra* at 728). "Such intent is to be gleaned from 'a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed' " (*Matter of McCabe, supra* at 728, quoting *Matter of Fabbri*, 2 NY2d 236, 240 [1957]). In this regard, there is undisputed record testimony from the attorney drafter that the settlor clearly and specifically advised him that, in the event that decedent died prior to the sale of the property, she wanted his 75% interest to be divided in equal thirds among petitioner, Stiefel and Sherman. He further explained that his use of the language which appears in the final document was his attempt to effectuate the settlor's expressed intent.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.