◼ Eneida Ruiz, Appellant, v Mortgage Electronic Registration Systems, Inc., et al., Respondents, et al., Defendant. [15 NYS3d 376]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered May 15, 2013, which, upon an order of the same court dated January 29, 2013, denying her motion for summary judgment on the complaint and granting the cross motion of the defendants Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A., for summary judgment dismissing the complaint, is in favor of those defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff seeks a judicial determination that the mortgage she executed in favor of the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as collateral for a $671,250 loan made to her by Webster Bank, N.A. (hereinafter Webster), is void ab initio and, therefore, should be canceled and discharged of record, and her property should be adjudged free therefrom. For the reasons explained below, the Supreme Court properly concluded that no triable issues of fact existed and that the plaintiff was not entitled to such relief, and dismissed the complaint.

On or about March 28, 2007, the plaintiff borrowed the sum of $671,250 from Webster, as evidenced by an adjustable rate note payable to Webster. Together therewith, the plaintiff executed a mortgage, securing the loan with her home, located in Water Mill (hereinafter the subject property). As is relevant to this appeal, the mortgage defined the plaintiff as the "Borrower," Webster Bank N.A. as the "Lender," and "MERS" as Mortgage Electronic Registration Systems, Inc., "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" and "FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD." The loan is serviced by the defendant Bank of America, N.A. (hereinafter Bank of America).

The plaintiff erroneously contends that the naming of MERS as the mortgagee, even though Webster was the payee designated on the note, constituted a violation of the clear prohibition against separating the collateral from the debt and, as such, the mortgage instrument was rendered null and void (*see generally Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52 [2d Dept 2015]). The plaintiff relies upon the Court of Appeals decision of *Merritt v Bartholick* (36 NY 44 [1867]), wherein the Court stated: "As a mortgage is but

an incident to the debt which it is intended to secure, the logical conclusion is, that a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it. The security cannot be separated from the debt and exist independently of it" (*id.* at 45 [citations omitted]).

The use of the term "nullity" by the Court in *Merritt*, however, does not mean, as the plaintiff argued, that the mortgage instrument itself was rendered null or void, but rather, that the enforceable interest which was intended to be transferred by the assignment of the mortgage alone was ineffective, as "no interest is acquired by it" (*id.*). This interpretation of the term has been faithfully, and consistently, applied by the Courts of the State of New York (*see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52 [2015]; *MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745, 746 [2014]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 724 [2014]; *Barbarito v Zahavi*, 107 AD3d 416 [2013]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909 [2013]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 725 [2011]; *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 637 [2011]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *Kluge v Fugazy*, 145 AD2d 537, 538 [1988]).

Since the plaintiff was not entitled to the judicial determination cancelling and discharging the subject mortgage and adjudging the subject property free therefrom, the judgment dismissing the complaint must be affirmed.

The plaintiff's remaining contentions need not be addressed in light of our determination. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.